[S. F. No. 12701. In Bank.—December 16, 1927.]

HENRY E. RICE et al., as Members of the Board of
    Trustees of the La Ballona High School District, Peti-
    tioners, v. R. F. McCLELLAN et al., as Members of
    the Board of Supervisors of the County of Los An-
    geles, Respondents.

[1] SCHOOL LAW — LEVY OF SPECIAL TAX — MANDAMUS.—A writ of
    *mandamus* to compel the board of supervisors of a county to
    levy a special tax, the assessment to be spread over the taxable
    property of a high school district, will not be issued by the
    supreme court, where it appears that the time is past when
    this may be done, as this court will not issue its prerogative
    writs to compel the doing of idle acts.

[2] ID. — MAINTENANCE OF HIGH SCHOOL — SECTION 1720, POLITICAL
    CODE.—The provisions of section 1720 of the Political Code re-
    quiring each high school district to maintain at least one four-year
    high school, or in lieu thereof at least one junior high school and
    one senior high school, is not complied with by the district entering
    into contracts with another high school district to furnish the
    service for the pupils of the former district.

[3] ID. — HIGH SCHOOL DISTRICTS — RIGHT TO CONTRACT WITH EACH
    OTHER.—It is clear that the legislature intended that every high
    school district shall establish and maintain a high school within
    its own boundaries, and while section 1751 of the Poltical Code
    permits one high school district to contract with another for the
    education of its pupils entitled to attend the high school in such
    subjects or in such grades as may be named in such contract
    or agreement, it does not permit such a district to provide for
    the education of *all* its pupils in *all* subjects by another high
    school district.

[4] ID.—ANNEXATION OF TERRITORY — MAINTENANCE OF TEMPORARY
    HIGH SCHOOL.—While the statute does not contemplate the actual
    construction or erection of a high school building at any par-
    ticular time within a district that has been severed by annex-
    ation from another district and by reason of not having a
    high school building has been contracting for the education of
    its pupils in another district, it is the duty of a district imme-
    diately upon the severance to make arrangements for the temporary
    location of its high school, as permitted by section 1741 of the

---

1. *Mandamus* not granted where unavailing, note, 98 **Am. St. Rep.**
869. See, also, 16 Cal. Jur. 776; 18 **R. C. L.** 117.

Political Code, and until such time as it is ready to purchase a site and· erect a suitable building.

[5] ID.—PREPARATION OF COURSE OF STUDY — SECTION 1750, POLITICAL CODE. — The contracting by a high school district with another district for the furnishing to the pupils of the former district by the latter of the same advantages, equipment, supplies, and services as are furnished to their pupils doing work in the schools is not a compliance with section 1750 of the Political Code, requiring each high school board to prepare a course of study, subject to the approval of the state board of education, and designed to fit the needs of its pupils.

(1) 38 C. J., p. 551, n. 18, p. 781, n. 4.    (2) 35 Cyc., p. 1043, n. 25. (4) 35 Cyc., p. 1043, n. 26.

APPLICATION for a Writ of Mandate to require a board of supervisors to levy a special tax for high school purposes.    Writ denied.

The facts are stated in the opinion of the court.

Lyon, Fleming & Robbins for Petitioners.

Everett W. Mattoon, County Counsel, Ernest Purdum, Deputy County Counsel, and J. H. O'Connor, Assistant County Counsel, for Respondents.

WASTE, C. J.—The petitioners, who allege that they are "the duly appointed, confirmed, qualified and acting members of the board of trustees of the La Ballona High School District, formerly Union High School District," have instituted an original proceeding in mandate to compel the board of supervisors of the county of Los Angeles to include in the annual levy a special tax on property within certain territory of the county, on the theory that such territory constitutes La Ballona High School District. The board of supervisors has refused to levy the tax on the ground that the district did not, at any time between November 25, 1925, and the thirtieth day of June, 1927, establish or maintain, within the district, any high school whatever for the convenience of the day pupils of the district, but that during said period all of the high school pupils of the La Ballona District attended the Venice high schools of the Los Angeles City High School District, and

that at no time between said dates was any high school instruction given or furnished within La Ballona High School District, other than that furnished by the Los Angeles City High School District; and on the further ground that, on the recommendation of the county superintendent of schools of Los Angeles County, La Ballona High School District has been declared to have lapsed, and the property of the district ordered sold.

There is no dispute concerning the facts. Prior to November 25, 1925, the La Ballona High School District, formerly Venice Union High School District, consisted of the Venice City, La Ballona and Playa del Rey elementary school districts, and was maintaining and conducting a fully equipped high school. On that date the city of Venice was annexed to the city of Los Angeles, and a large portion of the Venice Union High School District, including the land upon which the high school building was located, became part of the territory of the Los Angeles City High School District. The Venice Union High School District, being left without a high school building, thereupon entered into an agreement with the Los Angeles City High School District, under the terms of which the Venice Union High School District furnished the necessary money, personal property and the teachers to carry on the high school in the building for the remainder of the school year 1925–26.

When the time arrived for making plans for the school year 1926–27, no high school building having been provided and no other provision having been made for the education of its high school pupils, the Venice Union High School District entered into a new contract with the Los Angeles City High School District, whereby it was agreed that the latter district should permit the attendance at Venice junior and senior high schools of all pupils resident in the Venice Union High School District who were qualified to attend the seventh, eighth, ninth, tenth, eleventh, and twelfth grades of those schools, and should furnish such pupils the same advantages, equipment, supplies, and services as were furnished to other pupils doing similar work in the Los Angeles School District. As consideration for this service, the Venice Union High School District agreed to pay the Los Angeles City High School District a sum, computed at the rate of two hundred and fifty dollars per pupil, for the

number of pupils represented by the total average daily attendance of pupils attending Venice junior and senior high schools from the Venice Union High School District during the school year beginning July 1, 1926. The Los Angeles City High School District agreed to credit to the Venice Union High School District the enrollment and average daily attendance at the Venice schools of all pupils residing in the Venice Union High School District and attending said schools, such enrollment and average daily attendance to be used as a basis of part of the income of the Venice Union High School District for the school year 1927–28. The Los Angeles City High School District also agreed to furnish transportation to pupils living in certain designated portions of the Venice Union High School District, with the understanding that it should not collect the usual amount from the pupils so transported, but that the Venice Union High School District should pay the sum of two hundred and twenty-five dollars per school month for the service. Under this arrangement no high school of any kind was maintained within the limits of the Venice Union High School District during the year 1926–27, but the pupils residing in the district, of high school rating, were given free instruction under the contract with the Los Angeles City High School District, which reported that thirty-three units of average attendance were earned by them.

That portion of La Ballona High School District formerly known as Playa del Rey Elementary District has been annexed to the city of Los Angeles for school purposes, and the name of the Venice Union High School District has been changed to La Ballona High School District, which now consists only of the territory within the La Ballona Elementary School District. Within the time and in the manner prescribed by the sections of the Political Code, and as the basis for the levy of a tax for the district for the school year 1927–28, the petitioners, as the board of trustees of the La Ballona High School District, made and filed with the county superintendent of schools of the county of Los Angeles an estimate or budget of the amount which would be required during the fiscal year 1927–28, for the purpose of meeting the current annual expenses of maintaining a high school in the district. The budget

was approved by the superintendent, who, in turn, submitted to the board of supervisors the estimates, together with a statement showing the amount expended by the high school district for each item of estimate during the preceding year.

Subsequently, on September 1, 1927, the county superintendent, acting on the advice of the attorney-general that the thirty-three units of average daily attendance claimed by the La Ballona High School District did not belong to that district, but were "the earned property of the Los Angeles High School District, and that therefore the La Ballona District had no average daily attendance for the school year ending July 30, 1927," recommended to the respondent board of supervisors that La Ballona High School District be declared lapsed. The board of supervisors thereupon declared the district lapsed and ordered its property sold pursuant to the provisions of section 1735 of the Political Code.

On these facts the board of supervisors has refused to levy any tax for meeting the budget, and will not do so unless directed by the writ of this court.

[1] Petitioners have not shown us how it would be possible, at this time, for the board of supervisors to levy a special tax, spread the assessment over the taxable property in the district, if one exists, and collect the tax for the fiscal year 1927–28. The time has passed when that may be done, and this court will not issue its prerogative writs to compel the doing of idle acts. But, assuming that it were yet possible to direct that such a tax be levied and collected, petitioners are not in position to demand that it be done.

[2] Section 1720 of the Political Code provides, in part, that "each high school district must establish and maintain for the convenience of the day pupils of the district at least one four year high school, or in lieu thereof at least one junior high school and at least one senior high school." Petitioners contend that the contracts entered into between La Ballona and Los Angeles City High School Districts constitute a substantial compliance with this provision. We cannot approve the suggestion. [3] While section 1751 of the code permits one high school district to contract with another high school district for the education of its pupils

entitled to attend a high school, in such subjects or in such grades as may be named in such contract or agreement, we are not prepared to say that the district may thus provide for the education of *all* its high school pupils in *all* subjects by another high school district. To accept such construction sought by petitioners would be to ignore the plain provisions of the law and to sanction the existence of high school districts without any high schools. We think it clear that the legislature has intended that every high school district shall establish and maintain a high school, as contemplated by section 1720 (*supra*), *within* its own boundaries. The conducting of a high school, or high schools, by Los Angeles City High School District is not such maintenance of a high school within the La Ballona District. (*Bay View School District* v. *Linscott,* 99 Cal. 25, 29 [33 Pac. 781].) It was there said that the sections of the code "do not expressly provide that such school shall be within the district but such is clearly the implication." The purpose governing such location, and the "unpleasant consequences" which might flow, "if a district may under the law maintain a school outside the district" are sufficiently commented on in the opinion. (See, also, *Sunol School Dist.* v. *Chipman,* 138 Cal. 251 [71 Pac. 340].) Since the annexation of the portion of Venice Union High School to the Los Angeles City High School District in November, 1925, no high school has been maintained in La Ballona High School District boundaries.

[4] Petitioners argue that the legislature "did not contemplate the actual construction or erection of a high school building at any particular time" within the district contracting for the education of its high school pupils in another district. That may be admitted, but it was the duty of the predecessor of La Ballona District, immediately upon the severance of the district by annexation becoming an accomplished fact, to make arrangements for the temporary location of the high school, as it was permitted to do under the provisions of section 1741 of the Political Code, until such time as it was ready to purchase a site and erect a suitable building. (Pol. Code, sec. 1755.)

[5] Petitioners have not complied with the law relating to the maintenance of a high school in La Ballona District, in another particular. Section 1750 of the Political Code

requires each high school board to prepare a course of study, subject to the approval of the state board of education, and designed to fit the needs of its pupils. So far as the record indicates, that was not done in this case. The contract with the Los Angeles District, which provided that the latter should furnish to the pupils of La Ballona District the same advantages, equipment, supplies, and services as were furnished to other pupils doing work in the schools, was not a compliance with the requirement of the section relating to the adoption of a course of study.

Section 1756, under which the petitioners purported to act in filing with the county superintendent of schools their estimate of the amount of money required for the present fiscal year, provides that such estimate shall be "of the amount of money required for maintaining the high school *in said district* for the current school year, including rent or construction of temporary quarters, if any." (Italics added.) We deem it unnecessary to cite further sections of the code relating to the subject. It is plain that La Ballona District has not maintained within its boundaries, either in permanent or temporary quarters, a high school as required by the statute, and the action of the board of supervisors must be sustained.

The petition for a writ of mandate is denied.

Richards, J., Shenk, J., Curtis, J., Preston, J., Langdon, J., and Seawell, J., concurred.