[Civ. No. 1219. Fourth Appellate District.—March 28, 1933.]

LATON JOINT UNION HIGH SCHOOL DISTRICT, Appellant, v. GEORGE W. ARMSTEAD et al., Respondents.

Glenn M. DeVore, District Attorney of Fresno County, and Arthur C. Shepard, Deputy District Attorney, for Appellant.

Clarence H. Wilson, District Attorney of Kings County, for Respondents.

CAMPBELL, J., *pro tem.*—A general demurrer to plaintiff's complaint was interposed by defendants and it was sustained by the court below and plaintiff granted fifteen days within which to amend. Plaintiff declined to amend the complaint and following a judgment of dismissal has taken this appeal. The material allegations of the complaint filed in this action are as follows:

"I. That plaintiff, Laton Joint Union High School District is a duly organized and existing High School District of the State of California located partly in the County of Fresno and partly in the County of Kings; that Hanford Union High School District is a duly organized and existing High School District located wholly within the County of Kings and maintains a high school called Hanford Union High School; . . .

"III. That during the school year 1930–31 and the school year 1931–32 down to the time of the filing of this complaint no agreement fixing terms whereby pupils residing in Laton Joint Union High School District might attend said

Hanford Union High School has ever been executed, made or reached, nor were any terms prescribed by the County Superintendent of Schools of the County of Kings for such attendance, nor have the County Superintendents of Schools of the County of Fresno and the County of Kings executed, made or reached any agreement as to the terms of such attendance. . . . ''

Both appellant and respondents agree that the questions before this court are:

''1. Can pupils residing in one high school district be permitted to attend the high school of another district without one of the forms of agreement provided by the School Code sections noted being entered into?

''2. Assuming the answer to question No. 1 to be in the negative, has the district of residence such a legal right in the attendance of pupils residing therein that it is entitled to maintain an action against the high school district unlawfully receiving these pupils in order to prevent such unlawful acts?

''3. Is it necessary for the complaint to allege that the plaintiff has endeavored to reach an agreement with the defendant and that the County Superintendent of Schools of Fresno County has endeavored to reach an agreement with the County Superintendent of Schools of Kings County and that the defendant district and Kings County Superintendent of Schools have refused to enter into such an agreement?''

In 1931, the sections of the School Code of the state of California particularly applicable to the case at bar were amended to read as follows:

''3.302. . . . Any person who is, under the provisions of this article, eligible to attend high school and who resides in a high school district lying in two or more counties, may attend high school in a high school district in a county other than the county the superintendent of schools of which has jurisdiction over the high school district wherein he resides, only upon such terms as may be agreed upon by the governing board of the two high school districts concerned, or, if such boards fail to agree, upon such terms as shall be agreed upon by the county superintendent of schools of the two counties concerned.''

''3.309. No student residing in one high school district shall be admitted to the high school of another high school

district if there is no room to receive such student or if terms have not been agreed upon for the admission of such student as required by this article.''

The section of the School Code above quoted was the statutory outgrowth of section 1751, and section 1751 was the statutory outgrowth of section 1670 of the Political Code, paragraph 25, as said section appeared prior to the year 1909. We have little to assist us in the way of precedent from courts of the last resort. However, in *Wood* v. *County of Calaveras*, 164 Cal. 398, 403 [129 Pac. 283], and in *Rice* v. *McClellan*, 202 Cal. 650, 654 [262 Pac. 1092], we find the Supreme Court indicating its feeling that the legislature intended to say what it actually did say, and that attendance of high schools should be permitted only under conditions set forth in the sections of the Political Code referred to. In 1931, by the enactment of the amendment to section 3.309 of the School Code, the legislature gave further and more positive rules as to attendance and stating in definite terms the legislature's intention that pupils should be restricted to the district of residence, unless one of the exceptions noted in section 3.302 occurs.

The next query is whether or not a school has a valuable interest in the attendance of pupils residing within it. The Constitution of the state of California has mandated the establishment of the system of primary and secondary schools; the financial support of such schools is to a great extent provided from county and state funds on the basis of average daily attendance. It must necessarily follow then that the school district of residence has a valuable interest in the attendance of pupils residing within it.

Section 3.309 provides that no pupil shall be admitted to a nonresident district if terms have not been agreed upon before the admission of such student as required by this article. Respondents contend that appellant is not entitled to relief in a court of law until every remedy and method for settlement provided for by the School Code has been exhausted, unless the exceptions therein provided have been made, and that appellant should have tried to agree with the respondents. In case of failure, then the county superintendent of the resident counties should have tried to reach an agreement and in case of failure, then to have resorted to the court with appropriate allegations in the complaint

alleging such failure. However, to accept such construction as sought by respondents would be to ignore the plain provisions of the law. Appellant has set up facts showing that the condition maintained by the general rule exists and that no procedure provided to cause the exception has in fact taken place. It appears that these sections were intended for the district of residence as well as the district of attendance, and the district of residence has a right to appeal to the courts for the protection of its interests. There being no necessity of the district making any attempt to reach an agreement in order to maintain such action, it follows that the demurrer to the complaint was improperly sustained.

The judgment is reversed, with directions to the trial court to overrule the demurrer and allow defendants time within which to answer.

Barnard, P. J., and Marks, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 25, 1933.

Thompson, J., dissented.