[S. F. No. 9554. In Bank.—August 5, 1920.]

BENTLEY W. SINCLAIR, Petitioner, v. FRANK C. JORDAN, as Secretary of State, Respondent.

[1] DIRECT PRIMARY LAW—AFFIDAVITS OF CANDIDATES—TIME OF FILING—RELIEF FROM DEFAULT.—In view of the provisions of section 5, subdivision 4, and of section 6, of the Direct Primary Law, the Secretary of State cannot properly receive and file an affidavit of a candidate for nomination for public office where not presented for filing on or before the thirty-fifth day prior to the day of the primary election, and the courts have no power to grant relief from the default.

[2] ID.—CORRECTION OF ERRORS — CONSTRUCTION OF ACT.—Section 27 of the Direct Primary Law has to do solely with errors or omissions of others charged under the law with duties relative to the matter of the election, and the relief expressly provided for therein is an order requiring the officer or person charged with such error, wrong, or neglect to forthwith correct the error, desist from the wrongful act, or perform the duty.

PROCEEDING on application for a Writ of Mandate to require the Secretary of State to receive and file an affidavit of a candidate for nomination for representative in Congress. Dismissed.

The facts are stated in the opinion of the court.

Wright & McKee, Eugene Daney, Heskett, Sample & Harden and Walter H. Linforth for Petitioner.

U. S. Webb, Attorney-General, and Robert W. Harrison Chief Deputy Attorney-General, for Respondent.

THE COURT.—Petitioner seeks a writ of mandate requiring the Secretary of State to receive and file the affidavit made by him for the purpose of conforming to the requirements of subdivision 4 of section 5 of the Direct Primary Law .[Stats. 1911, p. 773] as a candidate for the Republican nomination for representative in Congress from the eleventh congressional district, and to certify his name to the county clerks of the counties of the congressional district to be printed on the ballot to be used at the primary election to be held on August. 31, 1920, as a candidiate for said nomination.

It is conceded, as it must be upon the admitted facts, that the petitioner failed to conform to a mandatory requirement of such law with relation to such affidavit, in that he failed to present such affidavit at the office of the Secretary of State for filing "on or before the thirty-fifth day prior to" the day of the primary election (subd. 4, sec. 5, and sec. 6 of the Direct Primary Law). [1] In view of the provisions of the law the Secretary of State could not properly receive the affidavit which was not tendered to him for filing until after the latest date for filing had passed, and unless such an affidavit be on file, the Secretary of State cannot certify the name of petitioner as a candidate. (Sec. 10, Direct Primary Law.)

Conceding the failure of petitioner to conform to this mandatory requirement of the law, relief from his default is sought by him at the hands of this court. We are forced to the conclusion that the courts have no power to grant relief in such a matter. Section 27 of the Direct Primary Law, the only provision authorizing any review by a court, is, to our minds, reasonably susceptible of no other construction than that it is inapplicable to any failure of the candidate or those proposing him as a candidate for nomination to comply with mandatory requirements of

the law essential to his candidacy.   [2]   It has to do solely with errors or omissions of others charged under the law with duties relative to the matter of the primary election, and the relief expressly provided for therein is an order requiring "the officer or person *charged with such error, wrong or neglect* to forthwith *correct the error, desist from the wrongful act or perform the duty."*

The order to show cause is discharged and the proceeding dismissed.

Angellotti, C. J., Shaw, J., Wilbur, J., Lawlor, J., Lennon, J., and Olney, J., concurred.