No. 28,576.

AL E. SMITH, *Appellant,* v. C. O. BOWMAN, as County Clerk of Douglas County, *Appellee.*

(269 Pac. 500.)

Opinion filed August 4, 1928.

*J. B. Wilson,* of Lawrence, for the appellant.

*George K. Melvin,* county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment of the district court of Douglas county, in which plaintiff's application for a writ of mandamus to compel the county clerk to print plaintiff's name on the primary election ballot as a candidate for the Republican nomination for sheriff was denied.

The ground of the county clerk's refusal was that plaintiff's

declaration of intention to become a candidate did not comply with the statutory form prescribed by R. S. 25-206, the particular defect being that the declaration was not made and sworn to by plaintiff himself, but by one Lee Colman in plaintiff's behalf.

The primary election statute contemplates two methods by which a person may become a candidate for nomination to a public office by an organized political party—one where friends of the aspirant take the initiative in his behalf by circulating petitions and getting the requisite number of signatures of qualified party voters as prescribed by R. S. 25-205, and another where the aspirant takes the initiative in his own behalf by filing a verified declaration of his candidacy, together with the requisite fee prescribed by R. S. 25-206.

A careful reading of R. S. 25-206 and of the form of declaration set forth therein makes it quite clear that this declaration is to be made by the aspirant himself. It is *his* declaration, *his* avowal of membership in and adherence to the principles of the political party whose candidate he aspires to be, and *his personal affidavit* that confers legal authenticity and legal potency upon its contents. In this case it is not the plaintiff, Al E. Smith, who makes the declaration, but "Lee Colman for Al E. Smith" who makes and verifies it, and it is signed in this fashion: "Al E. Smith, by Lee Colman."

Some days after the time for filing declarations of candidacy had gone by it was shown to the county clerk, and later to the trial court, that plaintiff had authorized Lee Colman to sign plaintiff's name to the declaration. However, our view of the matter is that the declaration must be the personally signed and attested act of the declarant, and that it cannot be effectively made by proxy. The court is confirmed in this view of the statute by taking note of R. S. 25-207, where the legislature by a supplemental enactment to the primary law expressly authorized the filing of a declaration of candidacy for a city office by an authorized agent of the aspirant. This is in effect a construction of the statute by a coördinate branch of the government that without R. S. 25-207 a declaration by an agent or proxy would be without legal effect.

The writ of mandamus was properly denied and the judgment is affirmed.