STATE ex rel. BAILEY v. STATE ELECTION BOARD et al.

No. 32622. May 24, 1946.

*170 P. 2d 206.*

D. P. Farrell, of Okmulgee, for petitioner.

Mac Q. Williamson, Atty. Gen., for defendants.

RILEY, J. This is an action in mandamus. Issuance of a writ is sought by petitioner through the exercise of original jurisdiction vested in this court by the Constitution (art. 7, sec. 2). Petitioner has filed a verified petition and the Attorney General makes response for the State Election Board.

The Attorney General, without waiving the right of respondent to defend for the board, states that objections are not made to the assumption of original jurisdiction. Since original jurisdiction, by the Constitution, is vested in the public interest, the court, by order, has elected to exercise it.

Attached to petition presented, as Exhibit "B" and as shown by the record attached, before the State Election Board, A. N. Boatman appeared for Honorable W. E. Shipley, member of the

House of Representatives from Okmulgee County, District No. 2.

The petitioner is now, and was in the month of April, 1946, a qualified elector in the State of Oklahoma (sec. 1, art. 3, Const.) and affiliated with the Democratic party in Oklahoma. In February, 1942, petitioner was inducted into the Army of the United States and is now engaged in active military service in Germany.

In April, 1946, by letter signed and received from petitioner, his father, Charles E. Bailey, Okmulgee county, Okla., was directed to take necessary measures to file petitioner's name as a candidate, to be placed upon the ballot at the ensuing primary election for the nomination of the Democratic party and election for member of House of Representatives of the State of Oklahoma, Okmulgee county. Within due time, the father, acting under authority, executed the notification and declaration, as provided by statute, and filled in the form provided by statute, and within instructions specific and general, stated in the letter aforesaid and attached to the petition.

The district so designated by the father of petitioner is "Office Number (2)."

On April 30, 1946, a protest was filed by the incumbent of the office, Hon. Bill Shipley. The objection stated in the protest was irregularity and frivolity in the filing, lack of good faith, and the allegation that petitioner was not a registered elector and that he had not signed the notification and declaration.

On May 14, 1946, a hearing was had before the respondent board, and petitioner's name, by order of the board, was stricken from the ballot. The reason stated in the order is that petitioner was (1) not registered as an elector, and (2) that he had not personally signed and verified the notification and declaration of candidacy.

The matter of lack of petitioner's registration as an elector in Oklahoma has been determined. Claude E. Love v. State Election Board, 197 Okla. 157, 170 P. 2d 193; Easter Brown v. State Election Board, 197 Okla. 169, 170 P. 2d 200.

We shall determine now the necessity, under the circumstances stated, of petitioner's personal appearance in connection with his filling in and filing of his notification and declaration.

Section 2, art. 3, Constitution, provides in connection with the elective franchise, that *no member of the Army or Navy of the United States shall gain a residence in this state by reason of being stationed in this State, "nor shall any such person lose a residence in the state while absent from the State in the military or naval service of the United States."*

Residence safeguarded to a citizen of Oklahoma by virtue of the constitutional provision in connection with such an elector's right of the elective franchise partakes of a right *inalienable* by reason of absence from home in military or naval service abroad.

Therefore, since petitioner may not lose the right, the import of the safeguard as to the elective franchise and the right or privilege under it to be nominated and elected to public office is preserved and not defeated when consideration is given to constitutional provision (sec. 6, art. 3) construed as empowering the Legislature to make "regulations *as may be necessary* to detect and punish fraud, and preserve the purity of the ballot."

There was no fraud established. Neither has the ballot been contaminated by an impostor.

The petitioner sought, in due time, to vest in a proper person an authority in writing to do that for him which under the circumstances was difficult of performance by him.

The action of petitioner concerned a

right and in due time it effectively preserved the privilege of the elector to be a candidate for party nomination and to qualify for the public office, if in the election it is the will expressed by ballot of the properly qualified electors.

The regulatory and informative statutes, 26 O.S. 1941 §§ 161, 162, as construed in related cases, are not prohibitory of petitioner's right and privileges, nor do provisions of the statute defeat petitioner's action for preservation and exercise of his rights at law and in government as they exist within the State of Oklahoma.

Our attention has been called to Smith v. Bowman, 126 Kan. 576, 269 P. 500, wherein a personal *avowal* and verification by the candidate himself is contemplated by the statutes of Kansas, in the filing of the name of "Al E. Smith, by Lee Coleman" and with an authority subsequently shown but without the character of it stated in the opinion. The view in Kansas is that compliance with the statutes of Kansas *"cannot be deputed* to an agent or proxy *except as expressly provided* by R.S. 25-207."

There are *no such express provisions* within the statutory law of Oklahoma. The intendment, by constitutional provision, is the other way. Had the Legislature intended a personal verification of the notification and declaration, rather than an inference thereof by reason of the form provided, plain and express language would have, by the act, been employed. But nowhere do the words of the act (26 O.S. 1941 § 162) or any other act, specifically deny to an elector in the military service of the United States the privilege to preserve his right by authority vested by him in another.

Extension of the right of elective franchise has been granted those in the military and naval service of the United States by various acts of the State of Oklahoma and of the United States; for the purpose of exercising the right,

the convenience of the war ballot has been invoked and employed, the significance of which is that these are unusual times which try men's souls in preservation of rights and privileges of citizenship and of government. Under circumstances stated, the law does not require a personal appearance or presence of such an elector in order that petitioner's name may be, by the State Election Board, placed upon the ballot at the ensuing primary election. The form prescribed by statute merely contemplates good faith filing and it makes provision for an affidavit for the purpose, among others, to detect and punish fraud. 29 C.J.S. 153. The affidavit must abide by the criminal laws. See Sinclair v. Jordan, 183 Cal. 486, 191 P. 910; 20 C.J. p. 115, notes 15-17.

Writ granted.

All the Justices concur.