[Civ. No. 13550. First Dist., Div. One. Jan. 12, 1948.]

RUTH DE VICTORIA, Respondent, v. DONALD P. ERICKSON et al., Appellants.

Hoge, Pelton & Gunther, Franklin C. Latcham and Leo V. Killion for Appellants.

Abraham M. Dresow and Burton McGovern for Respondent.

WARD, J.—This is an appeal from an order granting a new trial in favor of plaintiff in a personal injury action. The motion for a new trial was made upon all of the statutory grounds designated in Code of Civil Procedure, section 657. The record does not disclose the ground or grounds upon which the order was based. During the oral argument counsel for plaintiff designated certain errors considered as grounds for a new trial. It was then stipulated that the respective parties should file additional briefs.

In the present case on cross-examination witness Joseph De Victoria, a son of plaintiff, was interrogated. The following appears in the record: ''Q. Don't you [De Victoria] recall of a gentleman coming up there, and you saying to him, giving out certain exclamations of distress about this automobile that had gone by and splashed the water, and caused you to back up? Mr. Dresow [attorney for plaintiff]: Just a minute, I object to that as not proper cross examination. Mr. Gunther [attorney for defendants]: It is laying the foundation. I have such a witness. Mr. Dresow: You can impeach him by other testimony. Mr. Gunther: Your Honor, I am laying the foundation for the impeachment. The Court: All right. Mr. Gunther: Q. After the accident, there at the scene, do you recall of a gentleman coming up there and talking to you? A. I remember a lot of people saying a lot of things to me, sir. Q. But do you remember a gentleman coming up? A. I recall there was quite a few people around there, that is all. Q. Do you recall a gentleman coming up while your mother was still lying there on the pavement? A. No, sir. Q. Do you remember of a gentleman coming up and taking off his overcoat and putting it over your mother? A. No, sir. Q. And do you recall of a gentleman,

after taking off his overcoat, standing there in the rain without any overcoat, while his overcoat was on your mother, until the ambulance came? A. No, sir. Q. Do you deny that you ever tried to get the number of this car that went by? A. Yes, sir. Q. And do you deny that a car ever splashed any water on you? A. Yes, sir. Q. And you also deny the fact that you backed up at any time? A. Yes, sir.'' Further questions were asked and answers given as grounds for the foundation for impeachment, tending to show that a car, other than defendants', caused the accident. Defendants then offered a written statement, evidently signed by the witness but written by some other person, as impeaching evidence. This written statement was excluded from the record evidently because defendant did not show the persons present or the circumstances surrounding the signing of the statement. Plaintiff thereafter moved to strike out the evidence previously claimed to be grounds for impeachment. The court failed to rule on this motion. Defendants not only failed to prove, through the witness Joseph De Victoria, the circumstances of time, place and persons present as a foundation for the subsequent offer of the written statement, but refused, or at least neglected when the statement was finally offered, to prove ''the circumstances of times, places, and persons present'' when the alleged impeaching statement was signed by the witness. (Code Civ. Proc., § 2052.) The record indicates that after asking questions of Joseph De Victoria injurious to plaintiff Ruth De Victoria's claim for damages against defendants, the defendants abandoned the proposed impeachment of the witness.

The special duty imposed upon a reviewing court in passing on the merits of a motion for a new trial is distinct and separate from the function of a trial judge in passing upon a similar motion. ■ If the question is evidentiary the reviewing court merely passes upon the legal sufficiency of the evidence to sustain the determination of the matter in the trial tribunal. ■ The trial judge in his official capacity must weigh the evidence and consider the reasonably resulting inferences. (20 Cal.Jur. § 70, p. 110.) ■ If an error of law has occurred in the admission of evidence over objections and failure of the court upon proper motion to eliminate the evidence from consideration, the trial judge may consider all the circumstances surrounding the ruling of the court, including the weight that may be accorded the ques-

tioned evidence, the attitude of the interrogator and any other fact tending to show the importance of the admission or rejection of the evidence. The reviewing court, confined to the record on appeal, and without opportunity to precisely weigh the effect of the ruling upon the triers of the facts, is warranted in assuming that the action of the trial court in granting a new trial is an indication of the importance that the trial court placed on the questioned ruling (20 Cal.Jur. § 87, p. 136) and its influence in causing a miscarriage of justice.

The second point relied upon by plaintiff as a reason why the new trial was properly granted is the refusal of the trial court to give a certain instruction. The trial court did not designate the grounds upon which the new trial was granted. This court has been aided only by the reasons set forth by plaintiff. The refused instruction reads: "You are instructed that defendant Donald P. Erickson, the driver of the automobile, and Mrs. De Victoria, the pedestrian, were both chargeable with only the exercise of reasonable care, but a greater amount of such care was required of the defendant Erickson, the driver of the automobile, at the time of the accident in question by reason of the fact that he was driving and operating an automobile which was capable of inflicting death or injury upon others on the highway."

Similar instructions have been approved and disapproved depending in great measure upon the facts of each appealed case. (See *Warnke* v. *Griffith Co.*, 133 Cal.App. 481 [24 P.2d 583].) In *Dawson* v. *Lalanne*, 22 Cal.App.2d 314 [70 P.2d 1002], it was declared (p. 315) that a similar instruction "states the rule of law applicable to the facts of the case and has been approved in a number of cases." However, the court also stated: "The error in failing to give the instruction becomes more apparent when it is considered that the court gave at the request of the defendant the following instruction: 'No higher or greater degree of care was required of the defendant to avoid the accident than was required of the plaintiff. Each was required to exercise ordinary care under the conditions confronting him.' The refused instruction was not covered in any of the instructions given by the court." It is not necessary to state that the substance of the instruction would be proper on a second trial. The evidence thereon may differ considerably from that on the

previous trial. It may have been error to refuse the instruction on the first trial though other instructions appear to cover the subject matter. If it is appropriate on a second trial it would be well to add that a driver and a pedestrian. are "bound to the duty of using the care of a person of ordinary prudence acting under the same or similar circumstances." (*McNear* v. *Pacific Greyhound Lines,* 63 Cal. App. 2d 11, 18 [146 P.2d 34].) This is a measuring medium or standard of the amount or quantum of care that should be used by each party.

"In granting a new trial on the ground of erroneous instructions, as upon other grounds, much is committed to the discretion of the trial court, and an abuse of such discretion must appear before the order will be set aside." (20 Cal. Jur. § 92, p. 140.) Whether there was an abuse of discretion in refusing the proposed instruction as applied to all the facts of this case is not necessary to decide in view of the prejudicial errors in the admission of evidence.

The order granting plaintiff's motion for a new trial is affirmed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied February 11, 1948.