[Civ. No. 20909.   Second Dist., Div. Three.   May 3, 1955.]

ORRIN POTTER DANIELS, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Boyle, Bissell & Atwill for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Respondent.

SHINN, P. J.—The petition in this court for writ of mandate represented that the petitioner was a defendant in an action brought by Joan Evelyn Daniels for a decree of divorce and to establish the paternity of a minor child, paternity of which was denied by petitioner; there was a pretrial hearing

in which the court ordered that the question of paternity was in issue and was to be tried; the issues, namely, the divorce issue and the issue of paternity had been fully tried; the cause was submitted for decision; the matter of findings was considered by means of proposed findings on behalf of plaintiff and proposed findings on behalf of defendant, one of which was that defendant was not the father of the child; that the court made an order settling the findings in accordance with the request of defendant; that thereafter the court received a letter from an attorney, who was not an attorney in the cause, objecting to the court's deciding the question of paternity and stating he had filed a separate action on behalf of the minor child against petitioner herein to establish her paternity; that the court thereafter made and filed its findings, conclusions of law and judgment awarding plaintiff a divorce but the court declined to make any finding or any adjudication of the issue of paternity. The petition sought mandate to require the court to determine that issue.

At the time the alternative writ was issued the trial court had jurisdiction to vacate its findings and make other or additional findings on motion for new trial or in case the omission to find upon and determine the issue of paternity was the result of clerical mistake or inadvertence.

Thereafter the matter was placed on the calendar of this court and was duly submitted. We have not been advised that the court has taken or proposes to take any further action in the matter.

■ It was unquestionably the duty of the court to decide all issues of fact that had been duly tried and submitted for decision unless the parties had waived their right to have the same decided, which is not the case here. Our issuance of an alternative writ was a suggestion that the paternity issue should have been decided. ■ The time has expired within which the trial court can make an additional finding upon that issue through proceedings for a new trial. Unless the action of the court was taken inadvertently or through mistake, which appears not to have been the case, the court no longer has the power to alter its findings or judgment. Such being the case, the court is under no duty to act. ■ Mandate may not issue to compel action which is not within the court's jurisdiction.

The alternative writ is discharged and the petition for peremptory writ is denied.

Wood (Parker), J., and Vallée, J., concurred.