[S. F. No. 22540. In Bank. Jan. 23, 1968.]

WILLIAM TREBER, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; THE RECORDER PRINTING & PUBLISHING COMPANY, Real Party in Interest.

Lewis & Stein and Marvin E. Lewis for Petitioner.

No appearance for Respondent.

Richard A. Boyd, John E. Whiting and Cyril Viadro for Real Party in Interest.

MOSK, J.—This is a proceeding for writ of mandate to compel respondent court to set aside and vacate its order granting a new trial. The case is a companion to *Mercer* v. *Perez,* ante, p. 104 [65 Cal.Rptr. 315, 436 P.2d 315], also filed this day. As will appear, we have concluded that petitioner is not entitled to relief by way of extraordinary writ.

Petitioner is the plaintiff in a damge action filed in respondent court against the real party in interest. On January 18, 1967, the jury in that action returned a verdict in favor of petitioner; counsel for petitioner fails to so advise us, but we presume judgment was entered in due course. On March 21, respondent court denied a motion for judgment notwithstanding the verdict but granted a motion for new trial. As to the latter the order recited simply, "Motion for new trial granted—errors in law." On April 7 petitioner filed a notice of motion to vacate the new trial order on the ground that it was void for failure of the court to specify its "reason or reasons" in compliance with Code of Civil Procedure section 657, as amended in 1965.[1] The motion was

---

[1]Insofar as here relevant, the 1965 amendments to section 657 (Stats. 1965, ch. 1749, p. 3922) provide:

[1st par.] "When a new trial is granted, on all or part of the issues, the court shall specify the ground or grounds upon which it is granted and the court's reason or reasons for granting the new trial upon each ground stated.

. . . . . . . . . .

[3d par.] "The order passing upon and determining the motion must be made and entered as provided in Section 660 and if the motion is granted must state the ground or grounds upon by the court, and may contain the specification of reasons. If an order granting such motion does not contain such specification of reasons, the court must, within 10 days after filing such order, prepare, sign and file such specification of reasons in writing with the clerk. The court shall not direct the attorney for a party to prepare either or both said order and said specification of reasons.

[4th par.] "On appeal from an order granting a new trial the order shall be affirmed if it should have been granted upon any ground stated in the motion, whether or not specified in the order or specification of reasons; . . ."

The statute was again amended in 1967 to add "inadequate damages" as a ground for granting a new trial, and in respects not here quoted its language was slightly modified to reflect the change. (Stats. 1967,

denied on May 10, and two days later petitioner filed an application for writ of mandate in the Court of Appeal, seeking to compel respondent court to vacate its new trial order on the just-mentioned ground. The application was denied without opinion on May 17, and a petition for hearing was presented to this court. In view of the importance to the bench and bar of a speedy and authoritative construction of these new statutory provisions, we issued an alternative writ and set the matter for hearing at the same time as *Mercer*.

Using the statutory language, the new trial order here entered adequately states the ground, "errors in law," upon which it was granted. But the order wholly fails to comply with the further requirement of section 657 that the court shall specify its "reason or reasons for granting the new trial upon each ground stated." In *Mercer* we explain that the dual statutory intent underlying this requirement is to encourage careful deliberation by the trial courts before ordering new trials and to promote a more meaningful appellate review of such orders; to effectuate these purposes, we there hold (*ante*, p. 113) that if the ground of the order is insufficiency of the evidence, the judge must briefly recite the respects in which he finds the evidence to be legally inadequate. ■ Upon the same considerations, we now hold that if the ground is "errors in law" the statute requires the judge to briefly specify the errors that are the basis for his ruling. For example, if the error is improper admission or exclusion of evidence, the judge should so state and should identify the evidence in question; if the error is the giving of incorrect instructions, the judge should again so state and should point out the instructions on which he reversed himself.

■ Petitioner urges that the requirement of "reasons" be extended to demand of the trial judge an explanation why he was of the opinion that a given error of law was prejudicial. (Cal. Const., art. VI, § 13.) It would be unreasonable, however, to construe section 657 as compelling the judge to set forth his "examination of the entire cause, including the evidence," on the face of the new trial order itself. Moreover, even if such an explanation were furnished it would not

ch. 72, § 1.) The present proceeding does not involve any issue of damages, however, and for the sake of clarity we shall discuss the statute in its 1965 version in the remainder of this opinion, except where otherwise indicated.

be binding on the reviewing court. ▮ ·On an appeal from an order granting a new trial, that court has the power to determine as a question of law whether any challenged ruling below was erroneous; but once such an error is shown, the reviewing court may not substitute its judgment for that of the trial court on the essentially factual question of prejudice. At this point the issue is not whether the reviewing court would find the error to be prejudicial as an original matter, nor even whether the particular explanation offered by the trial court supports the finding of prejudice; the sole issue is whether the order granting a new trial, viewed in the light of the whole record, constituted a manifest abuse of discretion. (*Brandelius* v. *City & County of San Francisco* (1957) 47 Cal.2d 729, 744-745 [306 P.2d 432], and cases cited; accord, *Amar* v. *Union Oil Co.* (1958) 166 Cal.App.2d 424, 427 [333 P.2d 449]; *De Victoria* v. *Erickson* (1948) 83 Cal.App.2d 206, 208-209 [188 P.2d 276]; *Pettigrew* v. *O'Donnell* (1939) 32 Cal.App.2d 502, 503 [90 P.2d 93].) In appropriate circumstances such an abuse of discretion has been demonstrated (e.g., *Sparks* v. *Redinger* (1955) 44 Cal. 2d 121, 123 [279 P.2d 971]), but the presumption remains in favor of the trial court's judgment on this issue. ▮ Petitioner is mistaken in believing that the 1965 amendments to section 657 change in any way the foregoing well-settled rules.

▮ Here, as in *Mercer*, our most difficult problem is the ·proper disposition of the case. Petitioner contends that the failure to specify reasons in compliance with section 657 renders the order void and in excess of jurisdiction, and hence that mandate will lie to compel respondent court to vacate it. It is true that in a number of cases procedural errors in making and determining a motion for new trial have been held jurisdictional and reached by way of extraordinary writ. (See, e.g., *Tabor* v. *Superior Court* (1946) 28 Cal.2d 505 [170 P.2d 667] [prohibition; premature notice of motion]; *Bank of America etc. Assn.* v. *Superior Court* (1931) 115 Cal.App. 454 [1 P.2d 1081] [prohibition; tardy notice of motion]; *Lee* v. *Superior Court* (1961) 196 Cal.App.2d 161 [16 Cal.Rptr. 268] [prohibition; failure to serve an adverse party]; *Whitley* v. *Superior Court* (1941) 18 Cal.2d 75 [113 P.2d 449], overruled on other grounds in *Dempsey* v. *Market Street Ry. Co.* (1943) 23 Cal.2d 110, 117 [142 P.2d 929] [certiorari; failure to specify insufficiency of evidence as ground of order]; *Siegal* v. *Superior Court, ante,* p. 97

[65 Cal.Rptr. 311, 436 P.2d 311] [mandamus, motion granted more than 60 days after notice of entry of judgment] ; *Kahn* v. *Smith* (1943) 23 Cal.2d 12 [142 P.2d 13] [same].)

No such jurisdictional defect appears in the order now before us: although the court did not specify the reasons for the ruling, it was timely made upon a proper motion served on the adverse parties. As we explain in *Mercer,* such an order is not in excess of jurisdiction.

This conclusion is rendered unassailable by the circumstance that in the present case the ground on which the motion was granted was "errors in law." In adjudicating an appeal from a new trial order predicated on that or any ground other than insufficiency of the evidence or excessive or inadequate damages, the reviewing court is governed by the fourth paragraph of the 1965 amendments to section 657 : codifying the common-law rule in this respect (see *Kauffman* v. *Maier* (1892) 94 Cal. 269, 275-277 [29 P. 481, 18 L.R.A. 124], followed in many cases), the statute declares that on such an appeal "the order shall be affirmed if it should have been granted upon *any* ground stated in the motion, *whether or not specified* in the order or specification of reasons" (italics added).[2] This court observed in *Kauffman* that "A contrary rule might work great injustice," explaining (at pp. 276-277 of 94 Cal.) that "A party has the right to move for a new trial upon any or all of the grounds permitted by the statute, and if the record on which his motion is based discloses more than one ground for which a new trial should be granted, the court cannot, by stating in its order that the motion is granted upon one ground only, and denied upon the others, deprive the other party of the right to a review by this court of the entire record. . . . If there be any grounds upon which its action can be upheld, the order will be sustained, *irrespective of the particular ground given by that court,* whether in an opinion or by a statement in the order itself." (Italics added.)

Under this rule we have deemed ourselves bound to affirm a new trial order upon an error in law which was not only not the ground specified by the trial judge, but was apparently not even within his contemplation at the time of his rul-

---

[2]The phrase, "or specification of reasons," appears to be surplusage, as the preceding paragraph of the statute clearly requires that the grounds of the ruling (as opposed to its reasons) "must" be stated in the order itself.

ing. (*Malkasian* v. *Irwin* (1964) 61 Cal.2d 738, 745-749 [40 Cal.Rptr. 78, 394 P.2d 822].) It follows that a failure of the trial judge to specify *any* ground—and *a fortiori* any reason for a ground actually stated—cannot be held to render the order void from its inception. The reviewing court remains under an express statutory duty to affirm such an order if the record will support any ground listed in the motion.

This does not mean, however, that relief by way of mandate is ipso facto rendered unavailable. Although petitioner is not entitled to a writ compelling respondent court to vacate its order and reinstate the judgment, mandate does not reach void orders only. ██ We now turn to the question whether petitioner is entitled to compel the court at least to specify its reasons for granting a new trial on the stated ground of errors in law. Such specification, under the amended section 657, is "an act which the law specially enjoins, as a duty resulting from an office" (Code Civ. Proc., § 1085), and hence would appear to be within the scope of the remedy.

But it has been judicially established that the applicant for a writ of mandate must also show that the respondent has a *present* duty to perform the act he seeks to compel. (See *County of Sacramento* v. *Hickman* (1967) 66 Cal. 2d 841, 845 [59 Cal.Rptr. 609, 428 P.2d 593].) Although this rule is most commonly invoked in denying an application to compel the performance of future acts (see, e.g., *Communist Party* v. *Peek* (1942) 20 Cal.2d 536, 540 [127 P.2d 889]; *Northridge etc. Water Dist.* v. *McDonell* (1958) 158 Cal.App.2d 123, 127-129 [322 P.2d 25], and cases cited), it is equally applicable to acts which it is too late to perform (see *Stracke* v. *Farquar* (1942) 20 Cal.2d 82 [124 P.2d 9]). Thus mandate does not lie when the respondent no longer has the legal authority to discharge the alleged duty because the time for doing so, as specified by statute or ordinance, has expired. (*City of Los Angeles* v. *Offner* (1941) 18 Cal.2d 859 [118 P.2d 1] [invitation of bids on municipal contract]; *Rice* v. *McClellan* (1927) 202 Cal. 650, 654 [262 P. 1092] [levy of special tax]; *Sinclair* v. *Jordan* (1920) 183 Cal. 486 [191 P. 910] [placing of candidate's name on ballot].)

It appears from the face of the present petition that respondent court no longer has the power to perform the act here sought to be compelled. The order granting a new trial was made on March 21, 1967; the third paragraph of the 1965 amendments to section 657 (*ante,* fn. 1) provides that

when, as here, the order does not contain the reasons, "the court must, within 10 days after filing such order," file a separate specification of reasons in writing. We hold in *Mercer* (*ante*, p. 121) that the prescribed 10-day period is a statute of limitations on the authority of the court to act, and that after the expiration of the period the court has no power to add a specification of reasons by a *nunc pro tunc* order or otherwise. As the 10-day period in the case at bar expired on March 31, 1967, respondent court has no further jurisdiction over the matter which it could be compelled to exercise by writ of mandate.

A persuasive analogy is found in *Daniels* v. *Superior Court* (1955) 132 Cal.App.2d 700 [282 P.2d 1000]. The petitioner therein alleged that he was the defendant in an action for divorce and to establish the paternity of a minor child; that the question of paternity was one of the issues specified in the pretrial order, and was duly tried and submitted for decision; but that after learning that a separate paternity action had been filed, the court declined to make a finding on that issue and rendered a judgment of divorce without reference thereto. Upon these allegations, the petitioner prayed for a writ of mandate to compel the court to make a finding on paternity.[3] Although judgment had been rendered, the trial court retained jurisdiction to "change or add to the findings" in ruling on a motion for new trial (Code Civ. Proc., § 662); that jurisdiction, however, had to be exercised, if at all, within the mandatory 60-day period for disposing of such a motion (Code Civ. Proc., § 660). The petition was filed and an alternative writ was issued within the foregoing period; but the trial court did not act, and the period expired. The Court of Appeal discharged the alternative writ and denied a peremptory writ, reasoning (at p. 701) that "It was unquestionably the duty of the court to decide all issues of fact that had been duly tried and submitted for decision unless the parties had waived their right to have the same decided, which is not the case here. Our issuance of an alternative writ was a suggestion that the paternity issue should have been decided. The time has expired within which the trial court can make an additional finding upon that issue through proceedings for a

---

[3] Although the facts turned out to be quite different when the record was brought up on a subsequent appeal (*Daniels* v. *Daniels* (1956) 143 Cal.App.2d 430 [300 P.2d 335]), the discrepancy in no way impaired the correctness of the reasoning of the first decision, as the second decision expressly recognized (*id.* at pp. 440-441).

new trial. Unless the action of the court was taken inadvertently or through mistake, which appears not to have been the case, the court no longer has the power to alter its findings or judgment. Such being the case, the court is under no duty to act. Mandate may not issue to compel action which is not within the court's jurisdiction.'' (See also *Free* v. *Furr* (1956) 140 Cal.App.2d 378, 385-386 [295 P.2d 134].)

█ Nor has petitioner demonstrated that he lacks a plain, speedy, and adequate remedy by way of appeal. (Code Civ. Proc., § 1086.) We hold in *Mercer* that a new trial order supportable only on the ground of insufficiency of the evidence (or excessive or inadequate damages) will be reversed if the trial court has failed to specify its reasons for so ruling; upon analysis, it will be seen that when a new trial order is made without specification of reasons on any other ground, an appeal therefrom may nevertheless prevail. Petitioner argues that the remedy is inadequate because the main purpose of the new requirement of specification of grounds and reasons is to provide the basis for such an appeal by apprising the reviewing court of the intent of the court below; but as the statute itself requires the reviewing court to consider all the grounds listed in the motion and not merely those relied upon by the trial court, the argument lacks persuasive force. It is true that the scope of review in such circumstances will encompass the entire record; but if for example the only available ground is ''errors in law,'' as may well be the case here,[4] and the appellant shows there were no such errors at the trial, the order will be reversed (see, e.g., *Reusche* v. *California Pac. Title Ins. Co.* (1965) 231 Cal.App.2d 731, 734 [42 Cal. Rptr. 262]; *Jordan* v. *Warnke* (1962) 205 Cal.App.2d 621, 634-635 [23 Cal.Rptr. 300]; *Rosenberg* v. *Wittenborn* (1960) 178 Cal.App.2d 846, 848 [3 Cal.Rptr. 459]).

█ In conclusion, the first paragraph of the 1965 amendments to section 657 places on the trial courts a clear and unmistakable duty to furnish a timely specification of both their grounds and their reasons for granting a new trial, and we expect that such duty will be faithfully discharged. But in the event of inadequate specification in either respect, the fourth paragraph of the amendments nevertheless requires

[4]That was the ground of the present order, and petitioner has not informed us whether there were other grounds listed in the notice of motion. On May 19, 1967, petitioner filed a notice of appeal from the new trial order, and on June 5 the real party in interest filed a notice of cross-appeal from the judgment. We intimate no opinion as to the status or merits of those appeals.

that the new trial order be affirmed on appeal if it should have been granted on any ground stated in the motion, except insufficiency of the evidence or excessive or inadequate damages. There is no conflict in these provisions; different legislative purposes are served by each, and both must be given the fullest effect possible.

The alternative writ of mandate is discharged and the peremptory writ is denied.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.