[Civ. No. 1055.   Fifth Dist.   May 6, 1969.]

FRED N. MERRIHEW et al., Plaintiffs and Respondents, v. R. B. JENSEN et al., Defendants and Appellants.

C. Ernest Rushing, Bush, Ackley & Milich and Albert G. Clark, Jr., for Defendants and Appellants.

A. M. Frad for Plaintiffs and Respondents.

STONE, J.—Defendants appeal from an order granting a new trial and setting aside a judgment in a quiet title action. The appeal is based upon two contentions, that the order granting a new trial is fatally defective because the trial judge failed to specify the grounds and reasons for granting a new trial, as required by Code of Civil Procedure section 657, and that the original decision correctly applied the law to the facts.

The case is within the ambit of *Treber* v. *Superior Court,* 68 Cal.2d 128 [65 Cal.Rptr. 330, 436 P.2d 330], which holds that where a trial judge fails to state the reasons for granting a new trial, as required by section 657, the reviewing court is not to summarily declare the order invalid, but must first look to the motion for new trial and ascertain the grounds upon which it is based. If the sole ground is insufficiency of the evidence, then the failure to specify reasons renders the order fatally defective. (See *Mercer* v. *Perez,* 68 Cal.2d 104 [65 Cal.Rptr. 315, 436 P.2d 315].) Guidelines for the reviewing court are delineated in *Treber,* at pages 136-137: ". . . the first paragraph of the 1965 amendments to section 657 places on the trial courts a clear and unmistakable duty to furnish a timely specification of both their grounds and their reasons for granting a new trial, and we expect that such duty will be faithfully discharged. But in the event of inadequate specification in either respect, the fourth paragraph of the amendments nevertheless requires that the new trial order be affirmed on appeal if it should have been

granted on any ground stated in the motion, except insufficiency of the evidence or excessive or inadequate damages.''

■ The primary ground specified in the motion for a new trial is that the ''decision is against law.'' Hence, even though the trial judge failed to specify the reasons for his order, it is our duty to determine whether the decision is against law, and if so to affirm the order granting a new trial.

■ There are no evidentiary problems (cf. *Tagney* v. *Hoy,* 260 Cal.App.2d 372 [67 Cal.Rptr. 261]; *Renfer* v. *Skaggs,* 96 Cal.App.2d 380 [215 P.2d 487]); the whole case turns upon an interpretation of a grant deed executed by defendants' predecessors in interest. They conveyed 28 acres of potential placer mining property to plaintiffs for a consideration of $11,000. The following paragraph was incorporated in the grant deed:

''ALSO RESERVING unto the Grantors, their assigns and successors in interest, all metals, minerals and mineral rights of every kind or character, and all gravel and rights to gravel in, to and under said land, together with the right to mine or extract from said land or any part thereof at any time hereafter all such minerals, metals and gravel; and also reserving the use of such surface as may be necessary for exploring for and testing said land for minerals or metals; and also reserving all rights of ingress and egress on, over and across said land as may be necessary or desirable to grantors, their assigns or successors in interest, for any of the purposes or uses stated herein; it being agreed, however, that grantors, their assigns or successors in interest, shall pay to grantees, their assigns or successors in interest, the sum of $11,000.00 before any of said land is mined, and upon payment of said sum to grantees, their assigns or successors in interest, full fee title to said land and the whole thereof, including both mineral rights and surface rights, shall vest in the grantors, their assigns or successors in interest.''

Though the briefs do not dwell on the point, the obvious reason for this curious provision in the deed for reconveyance of title upon payment of $11,000 before the land is mined is that placer mining usually destroys the usefulness of the land by leaving rocks and gravel on the surface and the top soil beneath. The grantees were to be paid $11,000 ''before any of said land is mined,'' with the grantors to receive a conveyance of ''full fee title.'' Thus, by providing for conveyance of fee title in futuro, with no time limitation for performance,

622

the rule against perpetuities is violated. (Civ. Code, § 715.2; *Barton* v. *Thaw*, 246 Pa. 348 [92 A. 312, Ann.Cas. 1916D, 570] ; 2 Witkin, Summary of Cal. Law (7th ed. 1960) Real Property, p. 987 et seq.)

The trial judge originally construed the paragraph to be a reservation or exception of the metals and minerals in favor of the grantors with a possibility of reverter. Upon hearing the motion for a new trial, the court determined that the paragraph constituted an option under which the grantors' successors and assigns could force the grantees, their successors and assigns, to convey the fee upon payment of $11,000 at any time in the future, without limitation. Since his original interpretation of the legal effect of the paragraph was wrong, the court granted the motion for a new trial.

We conclude that the decision was "against law" as asserted in the motion for a new trial and, under the doctrine of the *Mercer* and *Treber* cases, the order granting a new trial and setting aside the judgment must be affirmed.

The order is affirmed.

Conley, P. J., and Gargano, J., concurred.

A petition for a rehearing was denied May 29, 1969.