[Civ. No. 28054. First Dist., Div. Four. Apr. 21, 1972.]

MARTHA FAKHOURY, Plaintiff and Appellant, v.
TOBY MAGNER, Defendant, Cross-complainant and Appellant;
S. WAGNER AND COMPANY, Defendant, Cross-defendant and
Appellant.

## COUNSEL

Cartwright, Saroyan, Martin & Sucherman and Jack L. Slobodin for Plaintiff and Appellant.

Russ, Benson & McConnell and John E. Benson for Defendant, Cross-complainant and Appellant.

Sedgwick, Detert, Moran & Arnold and P. Beach Kuhl for Defendant, Cross-defendant and Appellant.

## OPINION

**DEVINE, P. J.**—This case is an action for personal injuries, together with an action on a cross-complaint by one defendant against another for indemnity. Plaintiff, who was injured when a couch in her rented furnished apartment partly collapsed, sued the landlord, Magner, and also the maker and seller of the couch, S. Wagner and Company. She was awarded judgment on a jury's verdict in the amount of $7,000 against the landlord, but the court granted the landlord's motion for new trial. Plaintiff appeals from this order. Verdict was for S. Wagner and Company and against plaintiff, but plaintiff was awarded a new trial. The company appeals from the order.

Magner, the landlord, cross-complained for indemnity against the Wagner company. Upon trial by the judge without a jury, judgment was for the cross-defendant, but the cross-complainant was awarded a new trial. The Wagner company appeals from the order. The landlord, although standing on the new trial order in his favor, cross-appeals from the judgment in favor of S. Wagner and Company.

### FACTS

The facts are not disputed. On April 5, 1963, plaintiff, Mrs. Fakhoury, rented an apartment from defendant Magner. The apartment was furnished. Plaintiff was assured by the manager that everything was in good condition. One evening in August 1963, plaintiff, who weighed about 126 pounds, holding her 2½-year-old boy, who weighed about 40 pounds, in her arms, sat in a "kind of a fall" on a couch in the apartment. She fell through and injured her back on the edge of the couch. Plaintiff testified that, prior to the accident, she seldom had sat on the couch, and never on the end of it. She had not had occasion to lift or to clean the cushions prior to the accident. After the accident she saw that the wires supporting the cushion were loose and not on the hook.

Defendant Magner testified that he bought the couch from defendant Wagner and Company. It was bought in September 1962. Plaintiff was the first tenant to have used it. After the accident, the manager of the apartment found that two supporting straps under the cushion were missing.

The vice president of the Wagner company, Mr. Leichter, testified that the allegedly loosened straps were made of steel wires covered with plastic. The straps and couch were made in Japan. Couches are assembled and the straps are inserted into grooves by the Wagner company before the couches are shipped. Leichter, who weighs 240 pounds, experimented with the couches. Two of four straps were removed. Leichter sat on one couch and did not fall all the way through and did not strike his back on the frame. The straps are held in by the pressure of their having been stretched into their respective grooves. Leichter testified that they could not easily be pulled out, and that a woman or elderly man could probably not remove a strap. Because he did not feel that the straps would come out, he did not deem it necessary for his company to do anything to prevent their doing so. He also testified that before the couches are shipped out, they are inspected for defects. He admitted that occasionally defective couches are shipped.

## I. Plaintiff's Case Against the Landlord

### 1. *Strict Liability*

 Although plaintiff's case against the landlord was based partly on a theory of negligence because of failure to inspect the couch adequately, plaintiff's main proposition is that the landlord is held to strict liability. On the authority of this court's opinion in *McClaflin* v. *Bayshore Equipment Rental Co.,* 274 Cal.App.2d 446 [79 Cal.Rptr. 337], the trial court instructed the jury as follows: "The lessor of an article who leases it to a person for use under circumstances where he knows that this article will be used without inspection for defects is liable for injuries proximately caused by defects in the manufacture or design of the article of which the user was not aware, provided the article was being used for the purpose for which it was designed and intended to be used." The court refused this instruction, offered by the landlord: "There is no liability upon the landlord either to a tenant or others for defective condition of the demised premises whether existing at the time of the lease or developing thereafter, in the absence of concealment of a known danger, an express covenant to repair, or a statutory duty to repair."

On motion for new trial, the judge became convinced that he had been in error in presenting the subject of strict liability to the jury. This appears from his statements made at the time of the granting of the motion for new

trial. The judge did not specify in writing his reasons for granting the new trial; wherefore, the order could not be sustained if it were based upon insufficiency of the evidence to justify the verdict. (Code Civ. Proc., § 657; *Mercer* v. *Perez,* 68 Cal.2d 104, 109 [65 Cal.Rptr. 315, 436 P.2d 315].) But this is not of importance at this point, because the question before us and before the trial judge was essentially one of law, and it is not necessary for reasons to be stated in the order granting a motion for new trial if the order is made upon the ground that there was error in law, which was the only other ground stated in the notice of motion. (*Treber* v. *Superior Court,* 68 Cal.2d 128, 131-132 [65 Cal.Rptr. 330, 436 P.2d 330].) The question whether a landlord may, under circumstances such as those present, be held to strict liability for latent defects in furniture, is a new one.

The common law and the law in this state relating to liability of the landlord for latent defects in the demised premises is well established. In the absence of fraud, concealment, covenant in the lease, or statutory duty to repair, the landlord is not liable to the tenant for injuries due to a defective condition or faulty construction of the premises. (*Lee* v. *Giosso,* 237 Cal.App.2d 246 [46 Cal.Rptr. 803]; *Del Pino* v. *Gualtieri,* 265 Cal.App.2d 912, 919-920 [71 Cal.Rptr. 716]; *Gustin* v. *Williams,* 255 Cal.App.2d Supp. 929, 931-932 [62 Cal.Rptr. 838]; *Forrester* v. *Hoover Hotel & Inv. Co.,* 87 Cal.App.2d 226 [196 P.2d 825].) But we have before us, not a case of defective premises, but of defective furniture. In *Price* v. *Shell Oil Co.,* 2 Cal.3d 245 [85 Cal.Rptr. 178, 466 P.2d 722] (decided subsequent to the granting of the motion for new trial in our case), and in *McClaflin* v. *Bayshore Equipment Rental Co., supra,* 274 Cal.App.2d 446, the doctrine of strict liability in tort was held applicable, under certain circumstances, to lessors who have placed articles on the market knowing that they are to be used without inspection for defects.

We conclude that, under the circumstances of this case, the doctrine of strict liability does apply to the landlord, not as lessor of real property, but as lessor of the furniture. It is not unrealistic to regard the landlord as coming within both categories. Furnished apartments are considered quite different from those which are unfurnished. They are frequently advertised separately, and of course for a higher rent. In fact, rental of furniture is an enterprise of its own, falling into a separate category in such places as the yellow pages of the telephone directory. There does not seem to be good reason for holding, as we surely would under existing case law, that the lessor of furniture who supplies it for an empty apartment should be held to strict liability, under appropriate circumstances, but holding the landlord exempt just because he is also the owner and lessor of real property. The landlord has certain rights in respect of personal property, which he does not have as lessor of the real property. If the furniture be wrong-

fully appropriated, an action in conversion will lie; it is not taxed; a different scale of depreciation is allowable.

We do not hold that under every possible set of circumstances the doctrine of strict liability will apply. As in the case of personal property which is leased, where no contemporaneous lease of real property is involved, there are limitations. The property must have been placed in the stream of commerce; a casual or isolated transaction will not bring the doctrine into play. In the case at hand, the landlord furnished two apartments in San Francisco and three in Sacramento at the same time with the same kind of couch purchased from the same seller. Moreover, the item was a substantial one, not an incidental bit of furniture which might be unlikely to produce any kind of injury. Again, the item was relatively new, subject to recent inspection and readily traceable to the seller. Altogether, the transaction of renting furniture was substantially a commercial one. These conditions present, the reasons set forth in the *McClaflin* and *Price* cases are applicable here: the injured persons are virtually powerless to protect themselves; the lessor can recover the cost of protection by charging for it in his business; and he has a better opportunity than does the injured person of recouping from anyone primarily responsible for the defect.

 Therefore, the verdict and judgment in favor of plaintiff were not against law and were not caused by errors in law in the giving of plaintiff's instruction and in the refusing of defendant's, as stated above. When a new trial is granted because of an instruction which really was correct, there is no legal ground upon which the new trial could have been ordered. (*Parker* v. *Womack*, 37 Cal.2d 116, 123 [230 P.2d 823]; *Conner* v. *Southern Pacific Co.*, 38 Cal.2d 633, 637 [241 P.2d 535].)

## 2. *Erroneous Instruction*

 As respondent in the appeal from the new trial order which was granted to plaintiff, Magner asserts error in the giving of the following instruction: "The manufacturer or lessor of a product that is likely to be dangerous if negligently made has a duty to exercise reasonable care in manufacturing the product to the end that it may be safely used for the purpose for which it was made. Failure to fulfill that duty is negligence." Plaintiff concedes that the giving of the instruction was error, but contends that the error could not have been prejudicial. This contention is sound. Obviously, Magner had nothing to do with the manufacturing process and could not have been found negligent under the above instruction. It can only be assumed that the jury disregarded the instruction. The error was therefore not prejudicial and could not support the new trial order.

That the court did not grant the motion for new trial on the ground of the above instruction appears from the judge's statement at the time of the ruling, which was that he was of the opinion that he had committed error in instructing the jury on the applicability of the strict liability doctrine, and that it was his intention, therefore, to restore all of the parties to the position they were in before the trial commenced.

### 3. *Evidence—Statement of Plaintiff*

At trial, Magner offered into evidence a written statement signed by plaintiff. Mrs. Fakhoury acknowledged her signature at the bottom of the document, but denied any recollection of making the statement, explaining that she had been under medication at the time. The court ruled that the statement was inadmissible, on the ground that no proper foundation had been laid. Ultimately, it was admitted into evidence, but only after the landlord's insurance representative had testified that he had taken the statement.

On appeal, Magner contends that he should not have been required to lay further foundation, and that he was prejudiced in that evidence that he was insured was brought before the jury. A document is not presumed to be what it purports to be, and it must be authenticated in some fashion before it is introduced into evidence. (Evid. Code, § 1400 et seq.; *Continental Baking Co.* v. *Katz,* 68 Cal.2d 512, 525 [67 Cal.Rptr. 761, 439 P.2d 889].) The establishment of such authentication is a preliminary fact within the meaning of Evidence Code section 403 (*LeGrand* v. *Yellow Cab Co.,* 8 Cal.App.3d 125, 132 [87 Cal.Rptr. 292]). As in the *LeGrand* case, counsel failed to establish the preliminary fact of whether or not Mrs. Fakhoury had indeed made the statements contained in the proffered document. The statement said that the accident happened on August 3, 1963. If this were the fact, plaintiff's action would have been barred by the pleaded statute of limitations, because the complaint was filed on August 4, 1964. But plaintiff testified that the fall occurred on August 4, 1963, shortly after midnight. The adjuster admitted on cross-examination that plaintiff had told him the accident had happened on Saturday night and he put down August 3 because that was Saturday, but he did not ask whether the accident was before or after midnight. If the statement had been admitted without authentication by the adjuster's testimony, his admission might have been unavailable, or available only with difficulty, to plaintiff. The subject of insurance got into the case because defendant wished to make use, legitimately, of the product of the adjuster's work. In turn, plaintiff legitimately stood upon her rights.

We do not find that the order granting new trial is to be sustained on

the sole available ground, error in law. More is said regarding this order later, in discussion of the indemnity action.

## II. PLAINTIFF'S CASE AGAINST THE MAKER-SELLER

Plaintiff was awarded a new trial following judgment on the jury's verdict for the Wagner company, which had not only sold, but also had assembled and to a large extent constructed the couch. But the court did not specify the ground or the reasons for its order; wherefore, the order cannot be sustained on the ground of insufficiency of the evidence. The other ground upon which the motion was noticed is error in law. On the appeal by the Wagner company from the order, plaintiff does not attempt to sustain the order on that ground, but agrees that the order should be reversed.

## III. LANDLORD'S CASE AGAINST THE MAKER-SELLER

The trial by the judge of the indemnity case on the landlord's cross-complaint, immediately following the verdicts, was upon the evidence which had been presented to the jury. The judge did not independently weigh the evidence in order to give his own conclusion upon the liability of the maker-seller. He stated that he regarded the jury's verdict in favor of the manufacturing company as probably exonerating it from negligence and strict liability. But he believed that the error, as he deemed it to be, of the strict liability instruction pervaded the entire case. These remarks were made before findings were waived and judgment for the cross-defendant was announced. At the time of granting the motion, the judge stated his feeling that "poison in the root affected the whole vine," and that the proper thing to do was to restore all of the parties to the positions they were in before the trial. The judge's ruling was not on insufficiency of the evidence; this is made plain from his comments. He refrained from deciding the indemnity case on the evidence because of the jury's verdict. Therefore, the specification of reasons was not required. (*Treber* v. *Superior Court, supra,* 68 Cal.2d 128.)

We know of nothing which prevented the court from deciding the indemnity case on its merits. The jury had decided plaintiff's case against the seller, not cross-complainant's case, and had found for the maker-seller. But under the circumstances of the case, this does not necessarily mean that the jury found that the maker-seller was free of negligence or that supervening acts, negligent or otherwise, on the part of the landlord had changed the character of the couch so that strict liability of the maker-seller would not apply. The jury had been instructed that the "manufacturer *or lessor* of an article who places it on the market for use under circumstances where he

knows that such article will be used without inspection for defects, is liable for injuries proximately caused by defects in the manufacture or design of the article of which the user was not aware, provided the article was being used for the purpose for which it was designed and in the manner it was intended to be used." (Italics added.) The jury may have decided that plaintiff could have recovery against but one of these parties. Or they may have been content to award judgment for her against one even though they could have held two to be responsible.

Plaintiff should not be deprived of her judgment against the landlord just because of any difficulty there may be in adjudging the indemnity case. If the order granting the landlord a new trial as against plaintiff were based on insufficiency of the evidence and this had been expressed with the reasons set forth, as required by Code of Civil Procedure section 657, all intendments would have been in favor of the landlord. As matters stand, all intendments are in favor of plaintiff's judgment against the landlord. We observe that about six years elapsed between the accident and the trial. With all the cross-briefing (nine briefs), three more have gone by.

Nor should the landlord be deprived of his indemnity action because of a judgment in favor of the maker-seller in plaintiff's action, where there were possible reasons for the verdict other than decision that the maker-seller was without fault, as explained above. Cross-complainant places the matter before us as respondent upon the order granting new trial and as appellant from the judgment. Because of the wider scope of appeal, we choose to reverse the judgment on the cross-complaint; but if it were necessary, we would sustain the order granting new trial on the ground of error in law.

The order granting new trial to defendant Magner as against plaintiff is reversed, so that judgment in plaintiff's favor stands. Plaintiff will recover costs on appeal from defendant Magner. The order granting new trial to defendant S. Wagner and Company, in favor of plaintiff, is reversed. The judgment for cross-defendant S. Wagner and Company is reversed and the indemnity cause is remanded for trial at which new evidence may be taken, in the trial court's discretion. Cross-complainant and cross-defendant will bear own costs on appeal.

Rattigan, J., and Bray, J.,* concurred.

A petition for a rehearing was denied May 12, 1972, and the petition of appellant S. Wagner and Company for a hearing by the Supreme Court was denied June 15, 1972.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.