MR. JUSTICE SHEEHY
dissenting:
The majority opinion takes too narrow a view of our duty on appeal from an order granting a new trial.
There are special rules which apply to an appeal from an order granting a new trial. In section 3-2-204, MCA, defining the power of the Supreme Court, it is stated:
“(3) In giving its decision, if a new trial be granted, the court must pass upon and determine all the questions of law involved in the case presented upon such appeal and necessary to the final determination of the case.”
As far as I can find, the Montana Supreme Court has not passed upon the extent of its power to review a grant of a new trial. In California, however, under a similar rule, the order granting a new trial must be affirmed if it should have been granted upon any ground stated in the motion, whether or not specified in the order or specification of reasons. Treber v. *10 Superior Court (Cal. 1968), 68 Cal.2d 128, 65 Cal.Rptr. 330, 436 P.2d 330, 334. The court there quoted with approval from a statement contained in a case as old as Kauffman v. Maier (1892), 94 Cal. 269, 276, 277, 29 P. 481, 482, to the following effect:
“A party has the right to move for a new trial upon any or all of the grounds permitted by the statute, and if the record on which his motion is based discloses more than one ground for which a new trial should be granted, the court cannot, by stating in its order that the motion is granted upon one ground only, and denied upon the others, deprive the other party of the right to a review by this Court of the entire record ... If there be any grounds upon which its action can be upheld, the order will be sustained irrespective of the particular ground given by that court, whether in an opinion or by a statement in the order itself” (Emphasis added.)
Grounds upon which a party may move for a new trial are contained in section 25-11-102, MCA. They include “irregularity in the proceedings of the . . . jury”, “misconduct of the jury”, “insufficiency of the evidence to justify the verdict”, and that the verdict “is against law”. In moving for a new trial in this case, the plaintiff utilized all four of those grounds. If she was entitled to a new trial on any one of those grounds, under the statute, section 3-2-204(3), MCA, and the rule enunciated in Treber, supra, the order of the District Court in this case granting a new trial ought to be sustained. The majority opinion ignores this elemental rule of the extent of review on orders granting a new trial, to the prejudice of the plaintiff.
The verdict in this case is against law because of an inherent error in the instructions as submitted to the jury. The trial court submitted a special verdict for a determination of the comparative negligence issues, and at the same time submitted an instruction which properly should j)e used only with respect to a general verdict. The basic underlying error here is not what the jury did, according to the affidavit of one juror, in arriving at the verdict. I give no account to that at all. Rather, the basic underlying error here is that the jury, instructed with respect to the finding of a general verdict, applied that rule in finding its special verdict. This is the basic error which gives rise to the propriety to the grant in this case *11 of a new trial.
In fact I find no error in the instruction given by the court for the minimizing of her personal injuries. The court in that connection instructed the jury as follows:
“It is the duty of a person who has been injured to use reasonable diligence in caring for her injuries and reasonable means to prevent their aggravation and accomplish healing.
“When one does not use reasonable diligence to care for her injuries, and they are aggravated as a result of such failure, the liability, if any, of another whose act or omission was a proximate cause of the original injury, must be limited to the amount of damages that would have been suffered if the injured person himself had exercised the diligence required of her.
“From the mere fact that a competent physician advised an injured person to submit to a course of treatment or operation we are not justified in inferring that the injured person was negligent or unreasonable in declining such treatment or operation. Other factors as they confronted the injured person must be considered in determining whether, although she refused to follow the physician’s advice, she nevertheless exercised reasonable diligence in caring for herself and her injuries.” (Court’s instruction no. 18.)
The foregoing instruction on minimization is an exact copy of instruction no. 14.67 contained in BAJI (5th ed. 1960).
The error arose in this case because the District Court submitted a special verdict, without an instruction telling the jury how to use the special verdict. As filled out by the jury the special verdict is as follows:
“We, the Jury, answer the questions submitted to us in this Special Verdict as follows:
“QUESTION No. 1. Were the defendants guilty of negligence which was the proximate cause of the claimed damages? ANSWER: Yes X. No.
“If you have answered the above question “NO”, you will not answer the remaining questions but will simply sign the verdict and call the bailiff.
“If you have answered Question No. 1 “YES”, then you must answer Question No. 2.
“QUESTION No. 2. What is the full amount of damages *12 that you find sustained by the Plaintiff? $15,000.00
“QUESTION No. 3. Was the plaintiff guilty of negligence which was the proximate cause of the alleged damages? ANSWER: Yes X, No .
“If you have answered “NO” to Question No. 3, then you will not answer Question No. 4, but will simply sign the Verdict and call the bailiff.
“If you answered “YES” to Question No. 3, then you must answer No. 4.
“QUESTION No. I. Considering the negligence of the plaintiff and the defendants that caused the accident at a total of one hundred percent (100%), what percentage is attributable to:
“(a) the Plaintiff 85 %
“(b) the Defendants 15%
“TOTAL 100 %”
The problem in this case comes about because court's instruction no. 10 instructed the jury as though it were to return a general verdict after having determined all the issues in the cause:
“You are instructed-that the laws of the State of Montana provide that contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or injury to person or property, if such negligence was not greater than the negligence of the person against whom the recovery is sought, but any damage allowed shall be diminished in proportion to the amount of the negligence attributable to the person recovering.”
The court gave its instruction no. 27, which is usual in form, but in this case helped to cause the error:
“Upon retiring to your jury room you will choose one of your number foreman, who will sign your verdict when you shall have agreed upon one. Eight (8) or more of your number must agree in arriving at a verdict. When you have arrived at a verdict and the same has been signed by your foreman, you will notify the bailiff who will return you into court.”
Because the jury was given a special verdict to determine the issues, instruction no. 10 above should not have been given at all. It directly conflicts with the directions in the special *13 verdict. The editors of BAJI also agree that an instruction in the form of instruction no. 27 should never be given with a special verdict. Form 15.15, BAJI (5th ed. 1960), comment (1975 cum. pocket part).
Because the court in this case was submitting a special verdict to the jury which would have the effect of determining the kind of general verdict that eventually would be entered in the cause, it should have followed the example in BAJI, and used form no. 15.15 as a concluding instruction to the jury. That instruction should have been as follows:
“You shall now retire and select one of your number to act as foreman who will preside over your deliberations.
“In this case you will not return a general verdict in favor of either party. Instead, it will be your duty to return only a special verdict in the form of written answers to such of the issues upon which you have been directed to make findings as are required according to the directions in the form of special verdict which will be submitted to you.
“As soon as eight or more identical jurors have agreed upon every answer required by such directions, so that each of those eight or more may be able to state truthfully that every answer is his or hers, you shall have your verdict signed and dated by your foreman and then shall return with it to this room.” Form 15.15 BAJI (5th ed. 1960)(1975 cum. pocket part).
By use of the foregoiong concluding instruction, the trial court would have avoided what is inherently possible in this case, that the jury fixed the general damages as though it were finding a general verdict, and it would be certain that the verdict was the answer of an identical eight jurors in the case.
Because we are commanded by statute to review all of the record on an appeal from an order granting a new trial, and because at least it fits in the “plain error” rule enunciated in Halldorson v. Halldorson (1977), 175 Mont. 170, 573 P.2d 169, this case should be affirmed, insofar as it grants a new trial of all the issues in the cause.
If the majority had agreed to affirm the grant of a new trial, I should also have discussed the “status” question of an invitee under Montana law for the guidance of the District Court in the new trial.
*14 MR. JUSTICE SHEA concurs with the dissent.