[No. E005964. Fourth Dist., Div. Two. June 28, 1989.]

In re MICHAEL D., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL D., Defendant and Appellant.

**COUNSEL**

Jeffrey J. Stuetz, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White and Richard B. Iglehart, Chief Assistant Attorneys General, Harley D. Mayfield, Assistant Attorney General, Steven H. Zeigen and Rudolf Corona, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

CAMPBELL, P. J.—

STATEMENT OF THE CASE

On May 25, 1987, the minor was detained on suspicion of burglary. On June 1, 1987, the People, through a probation officer, and the minor, both personally and through his mother, availed themselves of the provisions of Welfare and Institutions Code section 654[1] by signing an "INFORMAL PROBATION AGREEMENT." The agreement stated: "In lieu of filing a Petition in the Juvenile Court and with the consent of the parents or guardians of (the minor) the San Bernardino County Probation Department will undertake a program of supervision not to exceed six months pursuant to section 654 of the Juvenile Court Law." The agreement provided, among other things, that the minor obey all laws.

On November 9, 1987, the minor was arrested for petty theft. On December 1, 1987, the district attorney filed a petition under section 602 alleging the May 25, 1987, residential burglary (Pen. Code, § 459) as count one and the November 9, 1987, petty theft from a merchant (Pen. Code, §§ 488, 490.5) as count two. The minor moved to dismiss the petition on the ground that it was barred by section 654 as to the burglary count which was the genesis of the "INFORMAL PROBATION AGREEMENT." The motion to dismiss was denied on March 22, 1988, and this court summarily denied minor's subsequent petition for writ of prohibition and/or mandate.

On August 2, 1988, the juvenile court found the burglary allegation to be true based on minor's admission and dismissed the petty theft allegation. On August 26, 1988, the district attorney filed a petition alleging two counts of misdemeanor battery (Pen. Code, § 242) and on August 29, 1988, the court found one count to be true based on the minor's admission and dismissed the remaining battery count. On September 16, 1988, the minor was declared a ward of the court and his custody was taken from his parents.

ISSUE

The sole issue presented is whether or not the terms of section 654 constituted a bar to the filing of a petition against the minor on December 1, 1987, charging him with the burglary of May 25, 1987, which had formed the basis of the 654 agreement which had been executed on June 1, 1987.

---

[1] All section references are to the Welfare and Institutions Code unless otherwise indicated.

We find that section 654 did constitute a bar to proceeding against the minor on the burglary charge on or after June 1, 1987.

## DISCUSSION

In *People* ex rel. *Kottmeier* v. *Superior Court* (1987) 194 Cal.App.3d 1536, 1541-1542, [239 Cal.Rptr. 920], we held that section 654 constitutes a six-month limitation within which the district attorney may file a petition under sections 601 or 602 as to the offense for which summary probation was granted pursuant to section 654. This case presents the question of how the six months is to be measured. We hold that the months are the units of measurement to be used and no reference to days or hours need be made. A month includes its first and last day and does not include the first day of the following month. The date upon which the agreement is executed is the first day of the first month, the day before that date in the seventh succeeding month is the last day of the six-month period. E.g., if a 654 agreement is executed on the 4th of May, it continues through, and includes, the 3d of October but has expired by, and on, the 4th of October. An analogy to birthdays is helpful. The day upon which a person is born is the first day of his first year, the anniversary of that day is the first day of his second year. In the instant case June 1 was the first day of the first six-month period, December 1 was the first day of the second six-month period and, therefore, beyond the period within which the district attorney could file the petition alleging the burglary.

We find no ambiguity in the statute and "[w]hen statutory language is . . . clear and unambiguous there is no need for construction and the courts should not indulge in it." (*Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 198 [137 Cal.Rptr. 460, 561 P.2d 1148]).

However, assuming that some ambiguity does exist, "[t]he section envisions that the informal probation is to be of a strictly limited duration, namely, 'for not to exceed six months.'

■ " ' "[W]hen language which is reasonably susceptible of two constructions is used in a penal law ordinarily that construction which is more favorable to the offender will be adopted. . . ." [Citations.] ■ Furthermore, when interpreting a statute, if its provisions are unclear, its purpose is paramount: we "should ascertain the intent of the Legislature so as to effectuate the purpose of the law." [Citations.]' (*People* v. *Davis* (1981) 29 Cal.3d 814, 828 [176 Cal.Rptr. 521, 633 P.2d 186].)

■ "The intent of the Legislature is clear. Minors coming within the purview of the section relinquish their rights to a formal adjudication under

either Sections 601 or 602. The agreement benefits all parties by providing a flexible, efficient and informal mode of adjusting the minor's disposition and behavior. In giving up such rights, however, the minor agrees to a supervision of definite duration.

"If ambiguity existed," we would be constrained to reverse the court's holding and permit ". . . the minor the advantage of reasonable doubt. However, we entertain no such doubt. While not a model of clarity, the statute twice refers to a six-month period. By *including* mention of this specific time period as appropriate for the abandonment of the informal probation and the filing of a formal petition, the Legislature has by implication *excluded* as inappropriate for filing the period beyond that limitation (see Pen. Code, § 4; see also *Toussie* v. *United States* (1970) 397 U.S. 112, 122-123, [25 L.Ed.2d 156, 165-166, 90 S.Ct. 858] [ambiguity in statute of limitations resolved in defendant's favor]; cf. *In re Timothy E.* (1979) 99 Cal.App.3d 349, 354 [160 Cal.Rptr. 256] [punitive authority of Juvenile Court Law strictly construed])." *People* ex rel. *Kottmeier* v. *Superior Court, supra,* 194 Cal.App.3d at pp. 1541-1542, italics in original.

### DISPOSITION

The true finding as to the burglary count is reversed. The case is remanded for further proceedings not inconsistent with this opinion. Nothing in this opinion shall be construed as prohibiting the reinstatement of the dismissed counts if they were dismissed as a result of a negotiated plea.

Dabney, J., and Hollenhorst, J., concurred.

A petition for a rehearing was denied July 17, 1989.