[No. A097991. First Dist., Div. Four. Dec. 19, 2002.]

In re ANTHONY B., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY B., Defendant and Appellant.

## COUNSEL

Damian Smyth for Defendant and Appellant.

Bill Lockyer, Attorney General, and Christopher J. Wei, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**SEPULVEDA, J.**—Anthony B. appeals from an order finding him to be a person within the jurisdiction of the juvenile court. Before making this finding the court placed appellant on a program of "supervision" in lieu of adjudication under Welfare and Institutions Code section 654.2.[1] The question presented is whether the court had jurisdiction to resume adjudicatory proceedings on the anniversary date of the filing of the petition, or whether it had lost such jurisdiction on the day before the anniversary. We hold that the 12-month limitation contemplated by section 654.2 extends to and includes the one-year anniversary of the filing of the petition, such that the court below possessed jurisdiction to reinstate proceedings. Accordingly, we affirm the order.

### BACKGROUND

On March 22, 2000, a petition was filed under section 602 alleging that on December 26, 1999, appellant engaged in conduct constituting robbery and receiving stolen property. The charges rested on appellant's alleged participation in taking a bicycle from an eight-year-old victim by means of force or fear.

On May 2, 2000, the court placed appellant on informal probation pursuant to section 654.2.[2] On March 22, 2001, the court found that appellant had not fulfilled the conditions of the probation, set it aside, and ordered that the matter proceed to pretrial. Ultimately the court sustained the allegations of the petition and declared appellant a ward of the court.

On appeal appellant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071]. We directed the parties to brief the issue, "Should the matter be reversed because the court lacked jurisdiction on March 22, 2001 to reinstate proceedings on a petition filed on March 21 [*sic*], 2000? (Welf. & Inst. Code, § 654.2, subd. (a); *People ex rel. Kottmeier v. Superior Court* (1987) 194 Cal.App.3d 1536, 1541-1542 [239 Cal.Rptr. 920] [(*Kottmeier*)]; *In re Michael D.* (1989) 211 Cal.App.3d 1280, 1283 [260 Cal.Rptr. 30] [(*Michael D.*)].)"

---

[1]Except as otherwise indicated, all statutory references are to the Welfare and Institutions Code.

[2]The minute order of this hearing indicates that the court also adjudged appellant a ward of the court, but it is clear from the transcript of oral proceedings that no such adjudication was contemplated or attempted. (See *In re Adam R.* (1997) 57 Cal.App.4th 348, 353 [67 Cal.Rptr.2d 76] [court "cannot make true findings on . . . the petition and then order an informal supervision program under section 654.2"].)

## DISCUSSION

Section 654.2, subdivision (a), provides that the juvenile court "may, without adjudging the minor a ward of the court . . . , continue any hearing on a petition for six months and order the minor to participate in a program of supervision as set forth in Section 654." The statute permits the court to extend this time, but provides that "[i]f the minor has not successfully completed the program of supervision, *proceedings on the petition shall proceed no later than 12 months from the date the petition was filed.*" (Italics added.)

The petition here was filed on March 22, 2000. The question is whether the court's resumption of adjudicatory proceedings on the anniversary of this date—March 22, 2001—took place "later than 12 months from the date the petition was filed," and thus was untimely.

In *Kottmeier, supra,* 194 Cal.App.3d 1536, 1540, and *Michael D., supra,* 211 Cal.App.3d 1280, 1282, the court construed a companion statute, section 654, which provides that if certain conditions are met, a probation officer may seek to avoid anticipated wardship proceedings by placing a minor in a program of supervision. The statute specifies that the program may continue for a time "not to exceed six months," and that a petition may be filed "at any time within the six-month period." (§ 654.)[3] In *Kottmeier, supra,* 194 Cal.App.3d 1536, 1541, the court held that this language creates a rule of limitations requiring that any petition be filed within the six months allotted for such a program. In *Michael D., supra,* 211 Cal.App.3d 1280, 1283, the same court considered "how the six months is to be measured." It held that where an agreement for informal supervision under section 654 was entered on June 1, 1987, a petition filed on December 1 of that year was beyond the contemplated six months and thus untimely. (*Michael D.,* at p. 1283.)

We decline to extend *Michael D.*'s approach to section 654.2.[4] Arguably the relevant language differs materially as between the two statutes. Section 654 speaks of prepetition "programs of supervision . . . for not to exceed six months," and then declares that a petition may be filed "within the six-month period." Section 654.2 provides that the court may "continue any hearing on a petition" to permit a postpetition program "as set forth in Section 654," and then declares that if the program fails, "proceedings on the petition shall proceed no later than 12 months from the date the petition was

---

[3]In 1989 the Legislature amended this language to permit filing "within the six-month period *or a 90-day period thereafter.*" (Stats. 1989, ch. 1117, § 10, p. 4123, italics added.)

[4]We have no occasion here to consider the soundness of *Kottmeier*, because even if section 654 was not intended to create a limitations period, section 654.2 appears to do so by its terms.

filed." (§ 654.2.) Conceivably this difference in language would support differing interpretations of the two statutes within the analytical framework of *Michael D.* However we reach our result on a different basis, i.e., that we find the analysis in *Michael D.* unsound and decline to extend it to the application of section 654.2.

In discussing its reading of section 654 the *Michael D.* court first observed as follows: "[T]he months are the units of measurement to be used and no reference to days or hours need be made. A month includes its first and last day and does not include the first day of the following month. The date upon which the agreement is executed is the first day of the first month, the day before that date in the seventh succeeding month is the last day of the six-month period. E.g., if a 654 agreement is executed on the 4th of May, it continues through, and includes, the 3d of October but has expired by, and on, the 4th of October." (*Michael D., supra,* 211 Cal.App.3d 1280, 1283.) The court then offered an "analogy to birthdays" as follows: "The day upon which a person is born is the first day of his first year, the anniversary of that day is the first day of his second year. In the instant case June 1 was the first day of the first six month period, December 1 was the first day of the second six-month period and, therefore, beyond the period within which the district attorney could file the petition alleging the burglary." (*Ibid.*)

This attempt to reason from common usage and analogy fails to squarely address, or even identify, the pivotal issue, which is not how long a month is, but *when does it begin* for purposes of calculating a given one-month period. The court not only neglects this logically necessary question but also seems to declare it superfluous by stating that "no reference to days or hours need be made." (*Michael D., supra,* 211 Cal.App.3d 1280, 1283.) We cannot agree with this statement. Whatever may be intended by the term "month" in a particular context, it contemplates a period beginning on one day and ending on another. To suppose that it can be determined with "no reference to days" is contrary to fact and logic. Moreover the court itself proceeded to contradict that supposition in the ensuing discussion, by declaring that the limitations period began to run on the date of the parties' entry into a supervision agreement. The court thus answered, if somewhat obliquely, the question it had just declared unnecessary, and it did so—as logic compelled—by reference to days.

That we find the court's analysis illogical is not, by itself, dispositive. The dispositive point is that the court's answer to the question "when did the six months begin" flatly contradicts the answer prescribed by the Legislature. ■ Code of Civil Procedure section 12 provides, "The time in which any act provided by law is to be done is computed by excluding the first day, and

including the last, unless the last day is a holiday, and then it is also excluded." (See also Civ. Code, § 10; Gov. Code, § 6800.) This rule generally applies to criminal proceedings. (*People v. Twedt* (1934) 1 Cal.2d 392, 399 [35 P.2d 324]; *People v. Clayton* (1993) 18 Cal.App.4th 440, 444 [22 Cal.Rptr.2d 371]; *People v. Tabb* (1991) 228 Cal.App.3d 1300, 1308, fn. 6 [279 Cal.Rptr. 480].) Absent a compelling reason for a departure, this rule governs the calculation of *all* statutorily prescribed time periods. Our Supreme Court has encouraged the use of uniform rules so that the method of computing time not be a source of doubt or confusion. " 'The gravest considerations of public order and security require that the method of computing time be definite and certain. Before a given case will be deemed to come under an exception to the general rule the intention must be clearly expressed that a different method of computation was provided for.' " (*In re Rodriguez* (1964) 60 Cal.2d 822, 825-826 [36 Cal.Rptr. 609, 388 P.2d 881], quoting *Ley v. Dominguez* (1931) 212 Cal. 587, 594-595 [299 P. 713]; see *People v. Clayton, supra,* 18 Cal.App.4th at p. 444.)

The decision in *Michael D.* does not mention the general rule, let alone identify a compelling reason to depart from it. We cannot agree with the court's suggestion that its approach follows from the " 'clear and unambiguous' " language of the statute. (*Michael D., supra,* 211 Cal.App.3d at p. 1283.) Certainly everyone would agree that the "month of January" begins on January 1 and ends on January 31; but if a person on January 1 says she will do something "one month from today," the act will ordinarily be expected on February 1, not January 31. Moreover if a person says that on January 3 she is going away "for a month," no one can profess to know, from that statement alone, whether she will again be found at home on February 2, February 3, or even February 4. The rule of interpretation embodied in Code of Civil Procedure section 12 was presumably adopted for the very reason that such references to elapsed time are inherently ambiguous.

Nor can we accept the court's alternative rationale that the statute, if ambiguous, should be construed by applying what is elsewhere called the "rule of lenity," i.e., the principle that legitimate doubts about the effect of a penal statute should be resolved in favor of the accused. (*People v. Garcia* (1999) 21 Cal.4th 1, 10-11 [87 Cal.Rptr.2d 114, 980 P.2d 829]; see *Michael D., supra,* 194 Cal.App.3d at pp. 1283, 1284.) That rule may govern where legislation is silent, but here the Legislature has prescribed a rule for calculating time periods. As already noted, that rule should be uniformly applied in the absence of clear countervailing considerations. No such considerations appear here.

We hold that where proceedings under section 654.2 are resumed on the one-year anniversary of the filing date of the petition, the resumption occurs

"12 months from the date the petition was filed," and is thus timely. Since this is precisely what occurred here, the proceedings below were resumed in a timely manner.

The judgment is affirmed.

Reardon, Acting P. J., and Rivera, J., concurred.