Filed 3/6/13  In re Laura P. CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| In re LAURA P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,  Plaintiff and Respondent,  v.  LAURA P.,  Defendant and Appellant. | A134867  (Mendocino County Super. Ct. No. SCUK-JDSQ-11-15991) |

Laura P. (minor) appeals an order of the juvenile court directing her to pay restitution to the victim of burglaries she admitted committing and which she had previously agreed to pay. We reluctantly conclude that under the unusual circumstances of this case, the failure of the juvenile authorities to timely pursue enforcement of her commitment to pay restitution, made 15 months before in the course of informal probation proceedings, deprived the court of authority to enter the order under review.

### FACTS AND PROCEDURAL HISTORY

Minor, then a 12-year-old girl, along with two other juveniles, burglarized a residence in December 2009 and January 2010. At a citation hearing before a juvenile probation officer of the Mendocino County Probation Department on July 28, 2010, minor admitted to committing residential burglary in violation of Penal Code section 459 and agreed, in lieu of the filing of a wardship petition, to a program of supervision as

1

authorized by Welfare and Institutions Code[1] section 654. The probation department imposed several conditions on minor, including paying restitution to the victim by October 2010.[2]

Minor (as well as the two other juveniles) apparently failed to make any restitution payments to the victim, but no steps were taken to enforce the restitution commitment for some 15 months, until the minor was again brought before the juvenile authorities for another offense. On September 16, 2011, minor was cited by the probation department for stealing several items from a department store and released to her mother.[3]

On October 7, 2011, the district attorney filed a wardship petition pursuant to section 602, alleging that minor committed a burglary "between the 25th day of December 2009, and the 15th day of March 2010." The petition also alleges that on September 16, 2011, minor committed petty theft (Pen. Code, §§ 488, 484, subd. (a),

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise noted.

[2] The record contains two documents reflecting what occurred before the probation department in 2010. One document, dated July 28, 2010, bears the caption, "Mendocino County Probation Department, Juvenile Division, Citation Hearing," and reflects an appearance before a "Probation/Hearing Officer." This document reflects that the minor appeared with her mother, waived constitutional rights, admitted the violation, and shows this disposition: "Write letter of apology to the victim and submit to Probation by 8-31-10" and "pay restitution to the victim . . . in the amount of $925 jointly and severally with co-def." This document is signed by only the "Probation/Hearing Officer." The second document (undated but presumably also signed on July 28, 2010) bears the caption "Ukiah Judicial District, Juvenile Traffic Court" and in addition to irrelevant printed language regarding the payment of fines imposed under the Vehicle Code, contains the following: "I hereby acknowledge that I have been given until Oct. 31, 2010 to pay the following amount(s): Restitution jointly & severally w/ co-def in the amount of (308.00 individually) 925.00/write letter of apology . . . by 8/31/10." This form is signed by the minor, acknowledging that she "read, understand[s], and received a copy of this document" and by the same individual identified in the first document as the "Probation/Hearing Officer" but here identified as "Traffic Hearing Officer."

[3] The reporter's transcript refers to a juvenile citation issued by the probation department, and signed by minor's mother on September 16, 2011. However, the order is not included in the clerk's transcript.

490.5, subd. (a)). Two weeks later, minor's counsel entered a denial on behalf of the minor and the matter was set for a hearing.

On January 13, 2012, the Mendocino County Health & Human Services Agency filed a section 300 dependency petition, alleging that minor's mother was unable to provide her children with a safe home environment, and the agency took minor into protective custody. On February 8, 2012, a dual-status hearing was held at which the social services agency and the probation department agreed that dependency, rather than delinquency, services were more appropriate for minor. The deputy district attorney then stated, "Well, the only issue I have is the restitution. I've prepared a restitution order that mirrors the order that the minor made — the minor and her mother agreed to [at the] citation hearing on 7/28/2010 because these crimes all happened in 2009 and 2010. [¶] And since there's never been a wardship found, this — the order for restitution is . . . difficult to figure out which boxes to check. I checked the box that said she was found to be a person described in . . . section 602, which entitles the victim to restitution. I think that is still true from a citation hearing. But I scratched out the box that [says] wardship is terminated because it was never officially granted. [¶] So if the court will sign the order for restitution so that collections can have the document that will protect the rights of the victim of the first-degree burglary, then I have no problem with her becoming a 300 minor."

The court asked mother's counsel whether she agreed with the new restitution order, and the attorney stated that the order "seems appropriate." Minor's counsel, however, responded, "I'm not sure . . . that's the proper vehicle if [minor's] not being declared a ward under 600. I don't know what jurisdiction the court can then order this restitution as a formal order with that case number." The following colloquy then occurred:

> "The court: . . . I think I—if I have an agreement as to the restitution, I think I'd feel comfortable signing the order. [¶] The jurisdiction—when— the court never found . . . her a 602 ward, but it was handled through a citation hearing where she and her mother agreed to make the restitution. I have documents to support that.

3

"[Deputy district attorney]: . . . [A]pparently under—is it 730 of the Welfare and Institutions Code, that there's an intent that the restitution order outlive, you know, the minor becoming . . . an adult and that those orders are intended to remain until satisfied. [¶] . . . [¶] And this is the only vehicle I can think of to accomplish that.

"The court: Right. So [mother's counsel], your client is agreeing to the court signing the order of restitution?

"[Mother's counsel]: Your Honor, we would be in agreement to that.

"The court: [Minor's counsel]?

"[Minor's counsel]: I'm objecting for the record and stating my concerns."

The court then stated, "All right. Over the minor's [counsel's] objections on jurisdictional grounds, I am going to find that its appropriate for the court to sign the order for restitution since it was agreed upon in the juvenile proceeding. . . . [¶] Before I dismiss the 602 case, I think it's in the interest of justice that all of the parties conform to the agreement that they made. Then the recommendation is to dismiss subject to that order." The court found dependency proceedings more suitable and dismissed the section 602 petition. At the same time, the court entered an order directing minor to pay restitution to the victim of the 2009 – 2010 burglaries.[4] Minor filed a timely notice of appeal from this order.

## DISCUSSION

Section 654, pursuant to which the probation department handled minor's 2009-2010 burglary offenses, provides in pertinent part that "[i]n any case in which a probation officer . . . concludes that a minor is within the jurisdiction of the juvenile court or will probably soon be within that jurisdiction, the probation officer may, in lieu of . . . requesting that a petition be filed by the prosecuting attorney to declare a minor a ward of the court under . . . Section 602 and with consent of the minor and the minor's parent or

---

[4] The order requires minor to pay restitution in the amount of $925 as a joint and several obligation with the two other minors involved in the burglaries.

4

guardian, delineate specific programs of supervision for the minor, for not to exceed six months. . . . Nothing in this section shall be construed to prevent the probation officer from filing a petition or requesting the prosecuting attorney to file a petition at any time within the six-month period or a 90-day period thereafter." Section 654 imposes a nine-month (formerly six-month)[5] limitation within which the district attorney may file a petition under section 602 based on an offense for which informal probation was granted pursuant to section 654. (*In re Michael D.* (1989) 211 Cal.App.3d 1280, 1283.) The Legislature sought to keep the informal probation period " 'strictly limited [in] duration' " because informal probation necessarily demands that minors "relinquish their rights to a formal adjudication under . . . Section 602." (*Michael D*, pp. 1283-1284.) "By *including* mention of this specific time period as appropriate for the abandonment of the informal probation and the filing of a formal petition, the Legislature has by implication *excluded* as inappropriate for filing the period beyond that limitation." (*People ex rel. Kottmeier v. Superior Court* (1987) 194 Cal.App.3d 1536, 1542.)

Based on the time limitation imposed by section 654, the section 602 petition filed by the district attorney in October 2011 was time barred insofar as it was based on the 2009-2010 burglaries. The petition was filed 15 months after the initiation of informal probation on July 28, 2010. In *Kottmeier*, the district attorney filed a section 602 petition 10 days beyond the six-month period and the court dismissed the petition with prejudice. (*People ex rel. Kottmeier v. Superior Court, supra,* 194 Cal.App.3d at p. 1542.) Here, the deadline was missed by seven months.

On appeal, the Attorney General does not dispute the untimeliness of the section 602 petition, but contends that minor forfeited her right to challenge the restitution order because she agreed to pay the restitution as part of the informal probationary plan.[6]

---

[5] Subsequent to the decisions in *In re Michael D.* and *Kottmeier*, cited in text, the statute was amended to add "a 90-day period thereafter" to the previous six month limitation for filing a section 602 petition. (1989 Cal. Legis. Serv. 1117.)

[6] The Attorney General states that minor "affirmatively agreed to pay $925 in restitution to [the victim] in exchange for the dismissal of the burglary charge" and continues to

However, although payment of restitution was part of the program of supervision to which the minor consented, if the minor did not perform her commitments under the supervisory program, section 654 gave the probation department no more than three months after the expiration of a maximum six month probationary period to file a petition under section 602. The restitution "order" included as part of the supervisory program was made by the probation department, not by the juvenile court. It was not an order reducible to an enforceable money judgment, as is a restitution order entered by the court pursuant to section 730.6 (§ 730.6, subds. (i), (r); Pen. Code, § 1214.), which the order on appeal purports to be. Although the minor may have agreed to pay the restitution, she did not agree to the entry of an order under section 730.6 and she did not agree to waive the time limit within which the district attorney is authorized to file a section 602 petition.

Since the section 602 petition was time barred, the juvenile court did not have the authority to impose a restitution order pursuant to section 730.6, upon which the Attorney General rests its argument that the challenged order was authorized. Moreover, the juvenile court never did impose wardship under section 602, which is a second reason for which section 730.6 does not apply. Section 730.6, subdivision (a)(1) provides: "It is the intent of the Legislature that a victim of conduct for which *a minor is found to be a person described in Section 602* who incurs any economic loss as a result of the minor's conduct shall receive restitution directly from that minor." (§ 730.6, subd. (a)(1), italics added.) A minor must be found to be "a person described in Section 602" before section

reference this "express agreement" throughout her argument. However, unlike the situation in both *In re Michael D.* and *Kottmeier*, where the minors signed an "Informal Probation Agreement" (*In re Michael D., supra,* 211 Cal.App.3d at p. 1282; *People ex rel. Kottmeier v. Superior Court, supra,* 194 Cal.App.3d at p. 1538), the record here does not reflect that the minor ever "agreed" to the restitution order. The record reflects that the minor was "ordered to pay restitution" by the probation officer and on a traffic court form acknowledged that she had read, understood and received a copy of the document acknowledging that she had been given until October 31, 2010 to pay the restitution. (See fn. 2, *ante*.) Nonetheless, since informal probation under section 654 requires the consent of the minor, we shall assume for the purpose of our analysis that the minor did agree to pay the restitution.

730.6 authorizes an award of restitution. (See *In re T.C.* (2009) 173 Cal.App.4th 837, 844].) [7] As the deputy district attorney recognized in requesting entry of the order, "730 of the Welfare & Institutions Code" is "the only vehicle" by which the order could be authorized, and the order which the court signed cites section 730.6. The deputy district attorney acknowledged that "since there's never been a wardship found . . . the order for restitution is . . . difficult to figure out." The solution that was reached, to incorrectly check the box on the restitution order indicating that minor had been found to be a person described in section 602, when she had not been, may not be used to provide jurisdiction that does not exist.

Although the minor's mother consented to the entry of the restitution order at the dual status hearing, the minor objected. The minor and the mother were separately represented and their interests in this respect are separate. Section 679 states, "[a] minor who is the subject of a juvenile court hearing . . . and any [parent or guardian] has the right to be represented at such hearing by counsel of his own choice. . . ." The separate references to the minor and the parent "indicat[e] [the Legislature's] intent to distinguish between the minor and his parents in this respect." (*Dana J. v. Superior Court* (1971) 4 Cal.3d 836, 840.) Depending on the proceeding, parents and their children must be seen as separate parties, because "[a]lthough the rights and interest of the parents must, whenever possible, be recognized and promoted in juvenile court proceedings [citation], the rights of the minor remain paramount in view of the serious consequences attending

---

[7]We note, but distinguish, a decision which might be thought to support a different conclusion. In *G.C. v. Superior Court* (2010) 183 Cal.App.4th 371, 377-378, the court ordered restitution pursuant to section 742.16 (applicable to one found to be a person described in section 602 for committing acts of vandalism or graffiti) when authorizing deferred entry of judgment. The court held that, under the provisions of section 794, which incorporates section 730.6, restitution could be ordered even though wardship had not been imposed under section 602. In that case the minor was properly before the court and in authorizing deferred entry of judgment, the court had statutory authority to include the restitution order. Here, section 794 does not apply, the court had no role in authorizing minor's informal probation, and when 15 months later it ordered the restitution, there was no timely section 602 petition before it with respect to the 2009-2010 burglaries.

delinquency proceedings." (*Id.* at pp. 839-840.) Moreover, mother's responsibility is purely derivative of the minor's responsibility. Since the court lacked authority to order the minor to pay restitution, there was no basis to enter such an order as to the mother, even with her consent.

The conclusion to which this analysis leads is hardly satisfying. There admittedly is a strong public policy favoring restitution to crime victims, and the minor did acknowledge her responsibility and accept the order to pay restitution. Because of the delay in enforcing the minor's obligation we are compelled to conclude that the court lacked the authority to enter an order under section 730.6 when it did. Nonetheless, other civil avenues of enforcement may be considered and the minor, in her own best interests—with an eye on her record in the event of any future encounters with law enforcement, much less on her own self-respect—may well deem it advisable to fulfill her obligation though under no court order to do so.

DISPOSITION

The order is reversed.

_____
Pollak, J.

We concur:

_____
McGuiness, P. J.

_____
Siggins, J.

8